Merrimack, }
Oct. 7, 1902. }

## Merritt *v.* American Woolen Co.

In an action to recover for injuries caused by defective machinery, it is sufficient if the allegations of the declaration are so full, clear, and distinct as to furnish reasonably complete and certain information concerning the negligence on which the action is founded.

Case. The declaration alleges, among other things, that while the plaintiff was employed by the defendants in their mill as a weaver, they carelessly and negligently allowed a certain loom, situated about four yards from the loom upon which the plaintiff was at work, to become out of repair, defective, and dangerous to the plaintiff, and carelessly and negligently used and operated said loom in its defective and dangerous condition, having knowledge thereof, or being in fault for not having such knowledge; and that said loom, " on account of the want of repair, defective and dangerous condition, and the use and operation thereof in its said condition by said defendants as aforesaid, threw one of the shuttles thereof with great force against the plaintiff." The defendants demurred on the ground that the declaration does not inform them of the omissions and neglect with which they are charged, and does not set forth in what the defective condition and lack of repair consisted, and they are not informed thereby of what they are called upon to answer. The demurrer was overruled, subject to exception, by *Stone,* J., at the October term, 1901, of the superior court.

*Martin & Howe,* for the plaintiff.

*Oliver E. Branch* and *William H. Sawyer,* for the defendants.

Chase, J. The declaration alleges, in substance, that the shuttle of a loom was thrown against the plaintiff in consequence of the defendants' negligence in using the loom while it was out of repair and in a defective condition through their negligence. The defect or want of repair was in one or more of the parts of the loom that caused and limited the movements of the shuttle. It cannot be presumed that the defendants were ignorant of the character or state of repair of these parts ; nor that the parts were so numerous and independent of each other that a specification of the defective ones and of the character of the defects was necessary to enable the defendants to properly prepare their defence. Should the trial develop this contingency, the court has power to order a specification and postpone the trial until it is furnished, if justice so requires. The facts relied upon to constitute negligence are quite as fully set forth as they usually are in cases against towns for injuries resulting from their negligence in maintaining highways,— cases much resembling this so far as the requisites of the declaration with respect to negligence are concerned. *Corey* v. *Bath,* 35 N. H. 530, 547 ; *Nashua Iron and Steel Co.* v. *Railroad,* 62 N. H. 159, 160, 161. The particulars of the defects in such cases are matters of evidence rather than pleading.

Apparently, the allegations of the declaration are sufficiently full, clear, and distinct to give the defendants, the jury, and the court reasonably complete and certain information concerning the negligence on which the action is founded ; and this is all the rules of pleading require. 1 Ch. Pl. 233, 256 ; 1 Saund. Pl. & Ev. 416.

*Exception overruled.*

All concurred.