Hillsborough, }
March 4, 1919. } .

## JAMES F. CAVANAUGH & a. *v.* GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION.

One insured against liability for accidents may maintain case against his insurer who has negligently conducted the defence of a claim covered by the policy.
A verdict will not be set aside on the ground that counsel has disobeyed the law of the trial unless his misconduct is intentional.

CASE, for negligence. Trial by jury and verdict for the plaintiffs. The defendant insured the plaintiffs against liability for accidents, and when one of their horses kicked Blais, it assumed the defence of his claim. This action is brought to recover from the defendant the sum of three thousand dollars, which the plaintiffs claim they paid because of the negligence of the defendant in the preparation and manner of conducting the defence. Transferred by *Kivel*, C. J., from the May term, 1918, of the superior court, on the defendant's exceptions to the denial of its motion for a directed verdict, and to remarks of the plaintiffs' counsel. The facts appear in the opinion.

*James E. Banigan* (by brief and orally), for the plaintiffs.

*Doyle & Lucier* and *Branch & Branch* (*Mr. Lucier* orally), for the defendant.

YOUNG, J. The evidence warrants the findings that Blais' claim should have been settled and that it might have been settled before suit was brought without calling on the plaintiffs for contribution. The defendant, however, made no serious attempt to settle with Blais until matters were in such shape there was nothing else to do, when the case was settled for $6000. The question, therefore, raised by the defendant's first exception is whether it owed the plaintiffs the duty of settling with Blais before suit, if that was the reasonable thing to do. As to that there can be no question; for when the defendant assumed control of the Blais claim, it then and there became its duty to do what the average man would do in a similar situation.

The defendant rests its contention as to its second exception on *Batchelder* v. *Railway*, 72 N. H. 329. The conclusion reached in that case rests on the proposition that if counsel persist in disobeying a ruling of the presiding justice, the court will set aside a verdict in his favor as punishment for his intentional misconduct. In this case, however, it is not found and there is no evidence to warrant a finding that counsel either knew or ought to have known that he was disobeying the law of the trial when he made the remarks in question.

*Exceptions overruled.*

PLUMMER, J., was absent: the others concurred.