MAURICE H. DUMAS *v.* HARTFORD ACCIDENT &

INDEMNITY CO.

*Edward J. Lampron* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Louis E. Wyman* orally), for the defendant.

PAGE, J. The questions transferred will be answered in reversed order.

(1) The defendant claims that the right of action, if one exists, is equitable. It is argued that the defendant's obligation, if it has any, is one of indemnity and that the insured is seeking exoneration. But the defendant did not contract to indemnify the plaintiff with respect to his liability beyond the stipulated sum of $5,000, and it has performed that contract of indemnity in full by the payment of that sum, with interest and costs, and has presumably paid the expenses of the defence of the suit brought by Ann Moran. Its further liability, if any, rests upon a supposed breach of the duty of reasonable care in trying the Moran suit, rather than settling it. The remedy for such a breach is at law, not in equity. The rule of *Sanders* v. *Insurance Co.*, 72 N. H. 485, does not apply except in cases where indemnity is involved. *Duncan* v. *Casualty Co.*, 91 N. H. 349.

(2) A right of action for negligence accrues only when the plaintiff has suffered an injury. The possibility of injury is not injury itself. *White* v. *Schnoebelen*, 91 N. H. 273, 274, 275, and cases cited. In the case before us the injury will remain merely possible and conjectural until the plaintiff has paid the excess judgment (*Cavanaugh* v. *Corporation*, 79 N. H. 186) or at least until his financial status is such that the excess judgment is sure to be collected (*Douglas* v. *Company* 81 N. H. 371). The mere existence of an outstanding judgment, which may never be paid, is not a legal injury, for the essence of the injury in such a case is pecuniary loss. *State &c. Insurance Co.* v. *York*, 104 Fed. (2d), 730, 734. What the plaintiff owes may reduce the appearance of his net worth on an accountant's balance sheet, but unless he pays his debt he is not out of pocket. The declaration is insufficient in alleging only a debt, and states no present cause of action.

Since the declaration may be amended in this respect, it may be proper to consider the defendant's argument that the declaration is defective in charging only "that if said defendant had exercised due care it could have settled said suit within the limits of said policy and thus saved the plaintiff from any financial responsibility for said accident; that said defendant recklessly, carelessly, and negligently failed to settle said suit." The question at this point is whether this is a sufficient allegation of negligence.

By the terms of the policy the defendant was obligated to defend the suit of *Moran* v. *Dumas*, but the company was given "the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company." The company had the control of the matter of settlement, and because of that control it was bound to use reasonable care. *Cavanaugh* v. *Corporation, supra; Douglas* v. *Company, supra.* In substance the declaration says that the defendant negligently failed to settle.

The defendant had no positive duty to settle within the coverage, even if such settlement was possible; stated conversely, the defendant did not insure the plaintiff against a recovery of over $5,000. The duty owed was to use reasonable judgment in deciding whether to run the risk of an award in excess of that sum. Whether such judgment was used depends upon many facts involving consideration of the whole judicial process. The declaration fails to allege a single fact which is colorable as bearing upon the question of judgment. The generality of the allegation of negligence, however, is not necessarily fatal, since the defendant may have a specification in the discretion of the trial court. *Merritt* v. *Company*, 71 N. H. 493; *Chesley* v. *Dunklee*, 77 N. H. 263, 267; *Brown* v. *Barnard*, 91 N. H. 58. It is impossible to prophesy what might be the sufficiency of the facts to be alleged if any specification is filed.

*Case discharged.*

All concurred.