**Charles J. DUMAS, Defendant, Appellant,**

v.

**Pamela A. MacLEAN, Plaintiff, Appellee.**

**No. 7138.**

United States Court of Appeals
First Circuit.

Heard Nov. 5, 1968.

Decided Dec. 20, 1968.

McENTEE, Circuit Judge.

This appeal is from a plaintiff's verdict in an automobile collision case. On the night of February 9, 1964, plaintiff and a friend drove into the Howard Johnson's restaurant just off the rotary traffic circle and the Route 1 by-pass in Portsmouth, New Hampshire. They were driving from Maine to Boston where both were students. While at the restaurant plaintiff's friend called a classmate in Portsmouth who was going to ride back with them and obtained directions to her home. On leaving the restaurant about 10:30 p.m. plaintiff took the wheel and they headed out one of the exits from the restaurant parking lot. They proceeded down a public road known as "the old by-pass road," passing the Howard Johnson Motel and a street known as Boyd Road, both of which were situated on their left. A directional sign standing on the right side of the highway just before they reached Boyd Road gave directions for Portsmouth to the left and Boston, Portland and Dover to the right. Plaintiff saw this sign but not Boyd Road, and continued on a short distance until the road forked. There was no sign at the left fork but on the right there were two signs which read "KEEP (arrow) RIGHT" and "ONE WAY," respectively. Plaintiff mistakenly took the left fork. This was not the way to Portsmouth but was a one-way exit from the Route 1 by-pass to Howard Johnson's. When she reached the Route 1 by-pass she stopped and seeing no traffic, turned left onto the road. Plaintiff testified that she thought this was a two-lane road with a broken line down the middle indicating two-way traffic. After entering the highway she kept to the right and had driven about four car lengths when she noticed the word "SLOW" painted on the road upside down. Realizing for the first time that she was moving against the normal flow of traffic, plaintiff brought her car to an immediate stop. Almost simultaneously she saw the head-

Richard E. Dill, Portsmouth, N. H., with whom James P. Nadeau, Jr., and Boynton, Waldron & Dill, Portsmouth, N. H., were on brief, for appellant.

Paul R. Cox, Dover, N. H., with whom Burns, Bryant, Hinchey & Nadeau, Dover, N. H., was on brief, for appellee.

Before STALEY,* McENTEE and COFFIN, Circuit Judges.

---

* Of the Third Circuit, sitting by designation.

lights of an approaching car in the lane to her left. The driver of this car, one Gross, seeing plaintiff's predicament, slowed down and flashed his headlights to warn her. She testified that she acknowledged this signal by flashing her own headlights off and on. There is conflicting evidence, however, as to whether in fact she extinguished her headlights altogether. At any rate Gross testified that when he first flashed his headlights he was about 800 feet from plaintiff's car. Since the Gross car presented no immediate danger, plaintiff put her car in reverse and staying in the same lane began backing up, it being her intention to back up beyond her point of entry and then drive up the road through which she had entered. During the entire time plaintiff was backing up both she and her passenger were looking in the direction from which they had come.

At or about the same time the defendant, who was traveling in the same direction as Gross, came upon the scene. When Gross was about 200 feet from the plaintiff he observed the defendant approach rapidly from the rear and overtake him. At this point Gross pulled off the road to his right to give defendant room to avoid hitting the plaintiff. The road was twenty-three feet wide. Plaintiff's and defendant's vehicles were only six feet in width. In his deposition defendant admitted that to the best of his recollection he "was going 50 or 55" when he hit the 35 mile an hour zone and then "dropped to 45 or 50." When defendant came within thirty or forty feet of the rear of the Gross car he realized he could not stop and immediately swung into the left lane to avoid hitting Gross. The record indicates that when the defendant passed Gross the latter was about 200 feet from plaintiff's vehicle. After passing Gross defendant never got back into the travel lane and a few seconds later hit plaintiff's vehicle head-on, leaving brake marks of 128 feet behind him. Defendant was uncertain as to how much time expired between the time he passed the Gross car and the

time of impact. His answer was "a couple of seconds, three or four." He admitted that he could have controlled his car if he hadn't been speeding, and when asked how fast he was going when he hit plaintiff, replied that "a good guess would be fifty miles an hour."

The record shows that the road was clear and dry. It was straight for a considerable distance and visibility was good. Also, there was testimony that the street lighting in the area in question was very good.

Defendant complains that his motions for directed verdict, judgment n.o.v. and new trial were improperly denied. His principal contention, however, is that the trial court committed reversible error by instructing the jury on the doctrine of last clear chance.

■■■ In his brief defendant argues that the evidence fails to show that he was negligent and that in any event plaintiff cannot recover because she was contributorially negligent as a matter of law. The principles governing the consideration of motions for directed verdict and judgments n.o.v. are well settled in this circuit. The evidence must be viewed in the light most favorable to plaintiff, giving him the benefit of every favorable inference that may be fairly drawn. If fair minded men may draw different inferences and reasonably disagree as to what the verdict should be, the matter is for the jury. M. C. Carlisle & Co. v. Cross, 386 F.2d 672, 674–75 (1st Cir. 1967); Hobart v. O'Brien, 243 F.2d 735 (1st Cir.), cert. denied, 355 U.S. 830, 78 S.Ct. 42, 2 L. Ed.2d 42 (1957). It is apparent that the evidence here would fairly support different conclusions. The jury could have found that defendant was negligent in exceeding the speed limit and that this was the proximate cause of the accident. On the issue of contributory negligence, the jury would have been justified in concluding that plaintiff, a stranger in the area, could not be expected to see Boyd Road, which according to the testimony of a local police of-

ficer, was obscured by the Howard Johnson Motel; that a "DO NOT ENTER" sign which should have been at the entrance to the left fork was not there; that plaintiff kept her headlights on, and that once she realized her mistake in taking the wrong road she did what a reasonable man would have done to extricate himself.

Defendant also argues that no duty was owed by defendant to plaintiff since she was travelling in the wrong direction on a one-way street in violation of the motor vehicle statute. Plaintiff's failure to comply with the statute did not relieve defendant of his duty to exercise reasonable care. Grimes v. Labreck, 108 N.H. 26, 226 A.2d 787 (1967).

Nor do we see any merit in defendant's contention that the trial court erred in not granting him a new trial. It is fundamental that reasonably debatable questions of fact are jury questions, and once resolved are not subject to reconsideration by a different jury as a matter of right. Creedon v. Loring, 249 F.2d 714, 718 (1st Cir. 1957). The granting of a new trial is within the sound discretion of the trial court and its decision will be reversed only where abuse of discretion is shown. Hobart v. O'Brien, supra. We find no abuse of discretion here.

We come now to the issue of last clear chance. This doctrine comprehends three elements, the failure to prove any one of which is fatal:

" '(1) That the one to be charged with liability was actually aware of the other's presence, (2) that he was actually aware that the other was either ignorant of the peril or unable to extricate himself from it, (3) that, after discovery of the situation, due care required and time afforded an opportunity for saving action.' " Couture v. Lewis, 105 N.H. 224, 225, 196 A.2d 60, 61 (1963).

The application of this doctrine depends upon the facts of the particular case. Couture v. Lewis, supra. Defend-

ant argues that the evidence fails to satisfy any of these criteria. We disagree. In his deposition defendant testified that he first saw plaintiff's car at about the time he passed Gross, which would place him about 230 feet from the point of impact. The fact that he left brake marks of 128 feet and by his own testimony "ducked" prior to impact, indicate that at some point in time he was aware of plaintiff's presence. Moreover, if plaintiff's lights were on the jury could have concluded that defendant must have seen them before he overtook Gross' car. We think this evidence would also enable the jury to find that defendant must have been aware that plaintiff was unable to avoid the peril. In this connection we agree with plaintiff that the "peril" was the immediate one created by the oncoming car and not, as defendant argues, plaintiff's presence on the highway. The jury could reasonably conclude that the driver of this fast moving vehicle, finding himself on a collision course with plaintiff's car in the lane ahead, must have realized that the latter could not avoid the situation.

The third element, and the most troublesome, is whether defendant had a clear opportunity to avoid the accident. The limited time in which defendant had to act, it is argued, allowed only for instinctive reaction. Yet there is evidence that the road was straight, dry, twenty-three feet in width and well lighted in the area of the collision; visibility was clear; plaintiff's lights were on; Gross, who was driving in the same direction as defendant, had no difficulty seeing plaintiff from a distance of 800 feet; defendant was uncertain as to his speed and the amount of time that elapsed just prior to the collision, and finally that Gross pulled off the road as defendant passed in order to give him room to maneuver. We think these facts raise a substantial jury question. In other words, we are satisfied that the jury could have found that where defendant was bearing down on plaintiff's car which was backing up slowly or stopped,

he could have avoided the accident by swerving to the right.[1]

 Defendant's last specification of error is that the testimony of a local police officer that the Howard Johnson Motel conceals Boyd Road should have been excluded as an opinion. Assuming that this contention is properly before us,[2] we find it to be without merit. Gauthier v. Bergeron, 107 N.H. 153, 218 A.2d 433 (1966).

Affirmed.

1. We think the facts in the instant case sufficiently distinguish it from the cases cited by defendant where the road was wet and plaintiff's car was weaving all over it. Couture v. Lewis, supra; Morin v. Morin, 89 N.H. 206, 195 A. 665 (1937) ; Ramsdell v. John B. Varick Co., 86 N.H. 457, 170 A. 12 (1934). See Mack v. Hoyt, 94 N.H. 492, 55 A.2d 891 (1947).

2. Where, as here, an appeal is taken from the denial of motions for judgment n. o. v. and new trial, as distinguished from a final judgment, this court need consider only those matters raised in said motions. Creedon v. Loring, supra at 717. This evidentiary point was not raised in defendant's post trial motions.