Strafford,
No. 6079.

CHARLES J. DUMAS & *a.*

*v.*

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

February 26, 1971.

44

*Burns, Bryant, Hinchey, Nadeau & Cox* ( *Mr. Paul R. Cox* orally ), for the plaintiffs Charles J. Dumas and Pamela A. MacLean.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *John R. Falby, Jr.* ( *Mr. Falby* orally ), for the defendant.

*Devine, Millimet, McDonough, Stahl & Branch* ( *Mr. Shane Devine* orally ) amicus curiae in behalf of American Insurance Association, American Mutual Insurance Alliance, National Association of Independent Insurers.

GRIFFITH, J. The law governing actions against liability insurers for negligent failure to settle tort claims against their assureds was established here some twenty-five years ago in the cases of *Dumas* v. *Company,* 92 N.H. 140, 26 A.2d 361 ( 1942 ) and *Dumas* v. *Hartford &c. Ind. Co.,* 94 N.H. 484, 56 A.2d 57 ( 1947 ). In the present case, with a plaintiff coincidentally named Dumas, we are asked to reexamine certain features of the original *Dumas* rules.

*Flynn,* J. transferred this case prior to trial with certain questions presented by the pleadings and an agreed statement of facts. In addition defendant excepted to the trial court's granting of plaintiffs' motion for discovery.

On February 9, 1964 Dumas was involved in an automobile accident with plaintiff MacLean. MacLean brought suit in the United States District Court against Dumas for injuries sustained in the accident. A verdict for plaintiff MacLean in the amount of $25,000 was returned which was sustained on appeal. *Dumas* v. *MacLean,* 404 F.2d 1062 ( 1st Cir. 1968 ). De-

fendant State Farm insured Dumas in this accident with coverage limits of $10,000. Under the terms of this policy it handled the defense of the MacLean suit including full control over whether a settlement was to be made. It is agreed that the MacLean action could have been settled within the policy limits and that there remains due on the MacLean judgment, after payment of the limit of defendant's policy, in excess of $20,000 including interest and costs.

Dumas has assigned to plaintiff MacLean his rights to recover this excess amount from defendant. Dumas has alleged that he has individually sustained in addition to the damage of the excess judgment physical disability and injury to his credit reputation. It is agreed that Dumas has made no payment to MacLean on the excess judgment. Both plaintiffs allege in one count a right to recover for the defendant's negligent failure to settle the MacLean claim and in a second count that defendant is strictly liable for its failure to settle.

It is agreed that Dumas in this case has not paid the excess judgment. *Dumas* v. *Company,* 92 N.H. 140, 141, 26 A.2d 361, 362 ( 1942 ), declared that the " existence of an outstanding judgment, which may never be paid, is not a legal injury, for the essence of the injury in such case is pecuniary loss. " This rule has not gained general acceptance and the modern trend is to allow the action to be maintained by an insured who has not paid the excess judgment. 7A Appleman, Insurance Law and Practice *s.* 4712, at 574 ( 1962 ); Annot., 40 A.L.R.2d 168, 190 *s.* 8 ( 1955 ); 27 U. Pitt. L. Rev. 726, 728 ( 1966 ).

A policy argument against our present rule is that it serves as a windfall to an insurer fortunate enough to have insured an insolvent. *Schwartz* v. *Norwich Union Indemn. Co.,* 212 Wis. 593, 250 N.W. 446 ( 1933 ); *Gray* v. *Nationwide Mut. Ins. Co.,* 422 Pa. 500, 506, 223 A.2d 8, 10 ( 1966 ); *Alabama Farm Bureau Mut. Ins. Co.* v. *Dalrymple,* 270 Ala. 119, 116 So.2d 924 ( 1959 ). In any event the statement that an insured has not been damaged because he cannot pay the excess judgment is based upon the fallacy that damaged credit and financial ruin are not injuries. *Smoot* v. *State Farm Mut. Auto. Ins. Co.,* 299 F.2d 525 ( 5th Cir. 1962 ).

A plaintiff in a personal injury action has never been required to pay or show that he is able to pay expenses incurred in order to recover them. 22 Am. Jur. 2d Damages *s.* 170 ( 1965 );

2 Harper and James, Torts *s.* 25.9( 1956 ); Annot., 25 A.L.R. 579, 597 ( 1923 ); Annot., 65 A.L.R.2d 1426, 1438 *s.* 8 ( 1959 ); *see Clough* v. *Schwartz,* 94 N.H. 138, 141, 48 A.2d 921, 923 ( 1946 ); *Wemyss* v. *Company,* 86 N.H. 587, 593, 172 A. 438, 442 ( 1934 ). Under the " collateral source " rule our court per-mits recovery of expenses incurred by a plaintiff which he will never have to pay since they have been paid from another source. *Bell* v. *Primeau,* 104 N.H. 227, 183 A.2d 729 ( 1962 ). Accordingly we reject the rule of *Dumas* v. *Company supra* and hold that a plaintiff may maintain an action against an insurer for negligent failure to settle a case without prior pay-ment of or proof of ability to pay the excess judgment.

Tort claims, with certain exceptions not germane to this case, have generally been held assignable in this jurisdiction as choses in action. *Jordan* v. *Gillen,* 44 N.H. 424 ( 1862 ); *Stewart* v. *Lee,* 70 N.H. 181, 46 A. 31 ( 1899 ); *Saloshin* v. *Houle,* 85 N.H. 126, 128, 155 A. 47, 49 ( 1931 ). The prob-lem present in jurisdictions which hold only contract claims assignable does not exist here. *See* 6 Am. Jur. 2d Assignments *s.* 28 ( 1963 ). Accordingly the assignment is valid without statutory authorization. *Cf. Comunale* v. *Traders & Gen. Ins. Co.,* 50 Cal. 2d 654, 328 P.2d 198 ( 1958 ); Annot., 12 A.L. R.3d 1158 ( 1967 ).

Plaintiffs' second count in the present case is based upon strict liability and thus directly challenges the rule of *Dumas* v. *Hart-ford &c. Co.,* 94 N.H. 484, 56 A.2d 57 ( 1947 ), holding an in-sured liable only on proof of negligent failure to settle after con-sidering the interests of both the insurer and insured.

The dilemma presented by the absolute control of trial and settlement vested in the insurer by the insurance contract and the conflicting interests of the insurer and insured has not been too well solved by the courts. Initially there were two approaches to the problem. Some courts held that the duty owed by the insurer in this situation was one of good faith. These courts held that the insurer was only liable to the insured when it acted with bad faith and was not held to a standard of due care. *Johnson* v. *Hardware Mut. Cas. Co.,* 109 Vt. 481, 1 A.2d 817 ( 1938 ); *Hart* v. *Republic Mut. Ins. Co.,* 152 Ohio St. 185, 87 N.E.2d 347 ( 1949 ). Our court adopted the negligence standard in *Cavanaugh* v. *Corporation,* 79 N.H. 186, 106 A. 604 ( 1919 ), restated it in *Douglas* v. *Company,* 81 N.H. 371, 127 A. 708

( 1924 ), and developed it to its present form in *Dumas* v. *Hartford &c. Ind. Co. supra.*

Commentators have suggested that in practice there is little difference in result reached under the bad faith and negligence standards. *See* 7A Appleman, Insurance Law and Practice *s.* 4712, at 576 ( 1962 ); Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv. L. Rev. 1136, 1140 ( 1954 ). In part this confusion has arisen from the difficulty courts have in defining " bad faith " in these cases. Indeed some courts have gone to the extent of applying both standards ( *Southern Farm Bureau Cas. Ins. Co.* v. *Mitchell,* 312 F.2d 485 ( 8th Cir. 1963 ); *Knudsen* v. *Hartford Accident and Indem. Co.,* 26 Conn. Supp. 325, 222 A.2d 811 ( 1966 ); *State Farm Mut. Auto. Ins. Co.* v. *White,* 248 Md. 324, 236 A.2d 269 ( 1967 ) ), and others have defined good faith in terms of negligence. Annot., 40 A. L.R.2d 168, 186 ( 1955 ).

The difficulty of devising an acceptable formula for charging an insurer for failure to settle has brought numerous suggestions that the Gordian knot be cut by holding insurers strictly liable for the excess judgments resulting. Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv. L. Rev. 1136, 1145 ( 1954 ); 60 Yale L. J. 1037, 1041-042 ( 1951 ); 18 Stan. L. Rev. 475, 482-85 ( 1966 ); Comment, 48 Mich. L. Rev. 95, 102 ( 1949 ); Note, 13 U. Chi. L. Rev. 105, 109 ( 1945 ); Comment 47 Neb. L. Rev. 705, 717 ( 1968 ). Dictum in *Crisci* v. *Security Ins. Co.,* 66 Cal. 2d 425, 58 Cal. Rptr. 13, 426 P.2d 173 ( 1967 ), paid glowing tribute to the proposed rule of strict liability before reciting the court was not required to consider " whether there might be countervailing considerations precluding adoption of the proposed rule, " since the evidence supported a verdict for insured under existing California law. Previously the proposal had been rejected by the courts whenever urged. *Rumford Falls Paper Co.* v. *Fidelity &c. Co.,* 92 Me. 574, 43 A. 503 ( 1899 ); *Kingan & Co.* v. *Maryland Cas. Co.,* 65 Ind. App. 301, 115 N.E. 348 ( 1917 ); Annot., 40 A.L.R.2d 168 ( 1955 ).

While we agree with the statement in the *Crisci* case, *supra,* 66 Cal. 2d at 431, 426 P.2d at 177, that " [t]he proposed rule is a simple one to apply . . . " this can hardly be the decisive factor in its adoption. The strongest argument on the side of strict liability appears to be that since the assured's interests

generally dictate settlement within the policy limits, the insurer having control of settlement should be held to assume the risks of its acts against the insured's interests. The insurer argues that this writes unlimited coverage into every policy that can be settled within its limits and exposes insurer to unwarranted risks if it fails to settle nuisance claims.

The negligence rule of *Dumas* v. *Hartford &c. Ind. Co.,* 94 N.H. 484, 56 A.2d 57 ( 1947 ) does not contemplate that the actions of the insurer shall be judged solely in relation to its own interests, solely in relation to the insured's interests, nor as though coverage were unlimited. The unlimited coverage approach has a superficial appearance of fairness to the insured but in fact does not give proper consideration to the insured's interest. An unlimited risk to an insurance company with thousands of claims may in fact be minimal on the average but catastrophic to an underinsured individual with a single claim. In *Dumas* v. *Hartford &c. Ind. Co., supra* at 488, 56 A.2d at 60, while the court said the claim must be treated by the insurer as if it were "liable for any excess verdict" it went on to say that the insurer "cannot be too venturesome . . . at the risk of the insured. "

This standard requires the insurer to recognize the conflict of interest position assumed by the contract and to perform the duty arising out of the peculiar facts of the situation presented. The risk of the insurer varies with the coverage available above the settlement opportunity and the weight the insurer must give to the insured's risk increases as the insurer's surplus coverage decreases. When the surplus coverage is substantial, less weight is required to be given to the insured's interest. Where the settlement opportunity approaches the limit of coverage, then the insurer's duty may be heavily weighted toward the interest of the insured.

The policy considerations that dictated the strict liability rule we adopted in *Buttrick* v. *Lessard,* 110 N.H. 36, 260 A.2d 111 ( 1969 ), are not present here. This is not a situation where harm has resulted from the acts of some party not before the court. On the contrary we usually find the defendant insurer after the disaster subjected to a slow motion rerun of its actions leading up to the verdict. Our rule imposes a heavy burden on the insurer but one inherent in the conflict of interest situation the insurer assumes under the contract. 7A Appleman, Insur-

ance Law and Practice *s.* 4713, at 579 ( 1962 ). We conclude that this rule properly protects the insured and that neither policy nor logic requires the adoption of strict liability in these cases. *See* 22 Okla. L. Rev. 440, 449, 450 ( 1969 ).

Defendant excepted to the order of the court granting plaintiffs' motion for discovery of defendant's file in the original tort action by MacLean against Dumas including communications with its attorney. Defendant argues that such an order invades the privileged communications of the defendant and its counsel. The argument fails to take into account that the attorney it engaged in that case represented both the defendant and the present plaintiff Dumas. " [ W ]here two parties are represented by the same attorneys for their mutual benefit, the communications between the parties are not privileged in later action between such parties or their representatives. " *Chitty* v. *State Farm Mut. Auto. Ins. Co.,* 36 F.R.D. 37, 41 ( E.D.S.C. 1964 ); *Henke* v. *Iowa Home Mut. Cas. Co.*, 249 Iowa 614, 87 N.W.2d 920 ( 1958 ); *Shapiro* v. *Allstate Ins. Co.*, 44 F.R.D. 429 ( E.D. Pa. 1968 ); *Horowitz* v. *LeLacheure,* 81 R.I. 235, 101 A.2d 483 ( 1953 ). Defendant's exception is overruled.

The defendant's motion to dismiss count one of the Dumas writ alleges that the writ " does not state a cause of action " because it " alleges consequential damages ex delicto in his action ex contractu. " The extent and character of the damages which the plaintiff Dumas may be entitled to recover are not determinable upon the present state of the record. Moreover, the fact that consequential damages are alleged would not warrant dismissal for failure to state a cause of action.

> *Defendant's exception overruled; motion to dismiss denied as to count one, granted as to count two; remanded.*

All concurred.