## Nelson v. Himes

*John W. Thompson, Jr.,* for plaintiff.

*Robert J. Brown,* for garnishee.

BUCKINGHAM, J., April 12, 1973.—In this case, plaintiff sued defendant for injuries suffered in an automobile accident on December 24, 1969. Defendant was insured by the garnishee and the garnishee's attorney, Robert J. Brown, Esq., defended her in the suit under an insurance policy with limits of $10,000. The jury's verdict on November 9, 1971, was in favor of plaintiff and against defendant in the sum of $21,340.-52, upon which judgment has been entered. The garnishee has paid plaintiff the policy limits of $10,000. Plaintiff filed a writ of execution against the garnishee claiming the balance of the verdict of $11,340.52 on the theory that the garnishee acted in bad faith in refusing to settle the case within the policy limits when it had an opportunity to do so. Plaintiff has filed interrogatories to the garnishee and its attorney. The garnishee has filed preliminary objections to the service of the writ, to interrogatories 7, 8, 9, 10, 11 and 12 and to plaintiff's claim for interest from the date of the accident on December 24, 1969. At argument garnishee withdrew its objection to the service of the writ of execution and to interrogatory no. 10.

Interrogatories 7, 8, 9, 11 and 12 pertain to written communications from the garnishee to its attorney, Mr.

Brown, and the objection to them is that they are privileged communications. This court has already held that in a situation like this, communications from the garnishee to its attorney are privileged: A. M. Rudisill v. Nationwide Insurance Company, 77 York 74, April term, 1958, no. 262, opinion filed by Shadle, J., on January 12, 1962. We quote from that opinion in part:

"The rule of privilege between attorney and client is stated in the Act of May 23, 1887, P. L. 158, Sec. 5, clause (d), 28 PS 321:

" 'Nor shall counsel be competent or permitted to testify to confidential communications *made to him by his client* or the client be compelled to disclose *the same* unless in either case this privilege be waived upon the trial by the client.' " (Italics supplied.)

"Clearly, the only privileged matter is that communicated by the client to the attorney, and not the opinion or advice given by the attorney to the client. There are some loose statements in cases from other jurisdictions inferring that all matters said by either party in an attorney-client relationship are privileged, but we consider them either to be dicta or unsupported by authority.

"We are clear that plaintiff is not entitled to inspect any letters or other communications from defendant to its attorney, since these would be privileged. . . ." To the same effect is Eisenman v. Hornberger, 44 D. & C. 2d 128 (Lycoming County (1967)).

Plaintiff cites Shapiro v. Allstate Insurance Company, 44 F. R. D. 429 (U.S. D.C. E.D. Pa., (1968)), which is inapposite, since it involved communications from the garnishee's attorney to the garnishee, Loose Estate, 47 D. & C. 2d 407 (Berks County (1968)), which is also inapplicable, since it merely held that the garnishment proceeding works an involuntary assignment of the

insured's cause of action against the garnishee to plaintiff and Dumas v. State Farm Mutual Automobile Insurance Company, 274 A.2d 781 (Supreme Court of New Hampshire (1971)), which is not persuasive. The Dumas decision is grounded on the familiar principle that where an attorney represents two parties, communications made in reference thereto are privileged as against the common adversary but not as between the parties themselves: 2 Henry Pa. Evid. §698. Judge Shadle referred to this principle in Rudisill, supra; but obviously felt that it had no application to communications from the garnishee to its attorney.

Plaintiff neither briefed nor argued the question of when his interest should start and we, therefore, consider his claim for interest from the date of the accident to have been abandoned, as well it might. The law is clear that, although in cases of unintentional conversion or destruction of property, a plaintiff may be entitled to damages in the nature of interest from the date of his loss, interest, as such, is not allowed in tort actions when the damages sought to be recovered are unliquidated: Marrazzo v. Scranton Nehi Bottling Company, Inc., 438 Pa. 72 (1970). Accordingly, we hold that plaintiff may claim interest in this case only from the date of his verdict on November 9, 1971.

In view of all the foregoing, we enter the following

## ORDER

And now, to wit, April 12, 1973, the preliminary objection of Rockwood Insurance Company, garnishee, to the service of the writ of execution is dismissed, the garnishee's preliminary objection to plaintiff's interrogatory no. 10 is dismissed, but its preliminary objections to interrogatories nos. 7, 8, 9, 11 and 12 are sustained, and the garnishee's preliminary objection to

plaintiff's claim for interest from December 24, 1969, is sustained and plaintiff shall claim interest only from November 9, 1971.

An exception is granted to the plaintiff.