The plaintiff, Dr. Ellen Johnson, a radiologist, appeals from a Superior Court summary judgment in favor of her professional liability insurer, the defendant, Proselect Insurance Company (Proselect), on her suit alleging that Proselect acted in bad faith when it settled without her consent an underlying medical malpractice suit against her. The trial in that case resulted in a jury special verdict finding Johnson causally negligent in failing to diagnose her patient's stroke, and awarding $5 million in total damages.[3] Choosing to forgo posttrial motions and an appeal, Proselect, over Johnson's objection, settled the case for $3.75 million, an amount within the $4 million coverage limits of Proselect's policy, thereby releasing Johnson from all liability. Johnson then filed this action against Proselect. Before us is the propriety of the motion judge's grant of Proselect's motion for summary judgment on count II for negligence and count III for breach of contract, both directed to Proselect's control of the postverdict phase of the defense.[4] We agree with the motion judge's well-reasoned nineteen-page memorandum of decision, and affirm.
Discussion. We review the motion judge's allowance of summary judgment for Proselect de novo, viewing the evidence in the light most favorable to Johnson. See Boazova v. Safety Ins. Co., 462 Mass. 346, 350 (2012).
In relevant part, Johnson's complaint alleges that Proselect breached its duties to her, grounded in negligence or contract, by settling the case after the jury verdict without her consent. Although the settlement struck by Proselect inured to Johnson's immediate financial benefit-in that it released her from liability for the amount of the verdict in excess of Proselect's available coverage-she nonetheless claims the settlement harmed her professional reputation, her future career prospects, and caused her emotional distress. Johnson contends that notwithstanding the terms of her policy authorizing Proselect to settle a postverdict claim without her consent, it did not have an absolute right to settle where Proselect's pursuit of her meritorious posttrial motions and an appeal "would have served the substantial and compelling interest of [Johnson]."[5]
The motion judge ruled that under New Hampshire law,[6] Johnson's negligent defense claim fails because the duty of reasonable care in the control of the defense imposed on insurers applies only where the insurer's misconduct exposes an insured to personal liability. See Dumas v. Hartford Acc. & Indem. Co., 92 N.H. 140 (1942) (Dumas I ); Dumas v. Hartford Acc. & Indem. Co., 94 N.H. 484 (1947) (Dumas II ). Because the settlement extinguished Johnson's personal liability for the amount of damages in excess of the policy limits, the motion judge concluded that the defendant fulfilled its duty of reasonable care. On the contract count, the motion judge ruled there was no viable claim for breach of the duty of good faith and fair dealing implied in the insurance contract because the policy language gave Proselect the right to settle the case postverdict without Johnson's consent. Thus, the judge reasoned, the "decision to invoke an express contractual right to settle cannot constitute a breach of the implied covenant of good faith and fair dealing."
We agree. The policy expressly provides that Proselect "shall not be obligated to obtain [a practitioner's] consent to settle ... [a]fter a jury verdict, judgment or any other ruling ... establishing [the practitioner's] liability regardless of whether such verdict, judgment or ruling is subject to appeal or further judicial review." While Johnson correctly asserts that New Hampshire recognizes an implied covenant of good faith and fair dealing in all contracts, including insurance policies, it has not recognized a breach of the implied covenant where a party merely exercises a right expressly granted under an enforceable contract. See Milford-Bennington R.R. Co. v. Pan Am Rys., Inc., 695 F.3d 175, 179 (1st Cir. 2012) (affirming summary judgment under New Hampshire law where, as the motion judge stated, the agreement "plainly g[ave] [the defendant] the right to act as it did, regardless of its motive for doing so.... [The plaintiff] cannot rely on the duty of good faith and fair dealing to restore a right that it bargained away by agreeing to the [Agreement]"). See also Centronics Corp. v. Genicom Corp., 132 N.H. 133, 144-145 (1989) (party had no duty to approve early payment where contract expressly governed timing of payments). The implied covenant cannot create a duty of care beyond the express terms of the contract. See id. at 144 ("[T]he good faith requirement is not a fail-safe ... empowering courts to rewrite an agreement").
Neither will the duty of good faith and fair dealing require an insurer to pursue an appeal of an excess verdict, forgoing a settlement within the policy limits. While New Hampshire recognizes a duty of good faith and fair dealing independent of the insurance contract in cases where the insurer "is in a position to ... injure the insured by virtue of its exclusive control over the defense of a case," Bennett v. ITT Hartford Group, Inc., 150 N.H. 753, 758 (2004), it has not recognized a breach of that duty absent insurer conduct exposing its insured to personal liability for a verdict in excess of the policy limits. See Dumas I, supra; Dumas II, supra; Dumas v. State Farm Mut. Auto. Ins. Co., 111 N.H. 43 (1973). The cases Johnson cites where insureds, not faced with personal liability exposure, properly maintained actions against insurers for breach of the duty of good faith and fair dealing, are inapposite. See Bennett, supra (breach of duty of good faith where insurer's failure to pursue subrogation claim left insured with substantial uninsured loss); Lawton v. Great Southwest Fire Ins. Co., 118 N.H. 607, 612 (1978) (breach of implied covenant of good faith under contract where insurer withheld payments in attempt to coerce insured into accepting less than full amount).
For these reasons, we conclude that the motion judge correctly ordered summary judgment for Proselect.
Judgment affirmed.

The trial judge reduced the verdict to $4.05 million to reflect a $950,000 pretrial settlement payment from a codefendant.

Johnson elected not to appeal from the grant of summary judgment on count I, which alleged negligence "in the conduct of the defense" before the verdict, including failing to engage in discussions to settle the case "for a fraction of the amount ultimately returned by the jury." The motion judge ruled this claim unsustainable because Johnson failed to support it with expert testimony.

Without deciding the issue, we credit, as we must, Johnson's contention that her posttrial motions and appeal were meritorious.

The trial in the underlying case took place in New Hampshire because that is both where the patient resides and the location of the medical facility where Johnson worked. Johnson filed this case against Proselect in Massachusetts because that is both where she resides and where Proselect is headquartered. Since Johnson's claimed injuries arise out of the New Hampshire litigation, the parties agree, as do we, that New Hampshire substantive law applies. See Dasha v. Adelman, 45 Mass. App. Ct. 418, 423 (1998) ; Clarendon Natl. Ins. Co. v. Arbella Mut. Ins. Co., 60 Mass. App. Ct. 492, 497 (2004).