NORA H. RHEIN and ARTHUR W. RHEIN, Plaintiffs Below, Appellants, v. WARK & COMPANY, a Corporation, Defendant Below, Appellee.

*(October* 16, 1961*)*.

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and CAREY, Judge, sitting.

*Ernest S. Wilson, Jr.*, and *William T. Lynam, III*, for appellants.

F. ALTON TYBOUT (of Prickett, Prickett and Tybout) for appellee.

Supreme Court of the State of Delaware, No. 21, 1961.

CAREY, Judge:

The appellant, Nora Rhein, was injured when she fell at the end of a concrete sidewalk on the premises of her employer, International Latex Co. (herein called International). Her complaint charges negligence on the part of the appellee,

who was the general contractor engaged by International to do certain construction work on its property in Dover. Arthur Rhein joined in the action to recover damages he sustained as her husband. The jury found for the appellee and the plaintiffs below appealed, alleging certain prejudicial errors in the Court's charge. In this Court, the appellee not only argues that there was no error in the charge prejudicial to appellants, but also contends that the judgment must be affirmed in any event because the Court below should have granted its motion for a directed verdict. That motion was based upon the contentions (1) that Mrs. Rhein was outside the scope of her invitation at the time of the accident and (2) that she was contributorily negligent as a matter of law.

We are satisfied that a verdict for the appellee should have been directed because of Mrs. Rhein's contributory negligence. In so holding, we assume a negligent breach of duty on appellee's part, without deciding the point. As our views require affirmance of the judgment below, we see no need to pass upon, or even discuss, the alleged errors in the charge.

Attached hereto is a rough sketch showing the location of the accident and the surrounding area. Appellee's contract with International called for the erecting of a new building some distance to the North, and on the opposite side, of Maple Lane from International's old building. A new parking lot was to be built on the north side of the old one. A new sidewalk was to be laid on the north side of Maple Lane on the land of International, and another walk was to be laid leading from the first one to the new building and the new parking lot. These walks had been completed very shortly before Mrs. Rhein's accident. The walk parallel to Maple Lane led to no street or other outlet but ended a short distance west of International's easterly property line. Its purpose was to provide a walk for any visitors coming to the plant or for anyone using the old parking lot. At the abrupt termination of that sidewalk, there was a drop of several

inches (perhaps six). The ground immediately adjacent on the east was bare. There were no other sidewalks on either side of Maple Lane. Public authorities had begun the job of repaving Maple Lane and had blocked it completely off from both automobile and foot traffic.

Mrs. Rhein worked in the old building. Prior to the date of her injury, she knew that construction work was underway but was not familiar with its details. Ordinarily, she entered and left the plant by the south gate (not shown on the sketch) where her husband would customarily meet her. He usually drove her to and from work in their car. On Saturdays, however, the south gate was closed and on those days she came out the north gate and was met by her husband on Maple Lane.

The accident occurred on a Saturday. Mr. and Mrs. Rhein drove down Route 13 as usual in the morning but, upon seeing that Maple Lane was closed, he stopped north of the intersection and she stepped out of the car upon the parking lot of a sporting goods store. She crossed this lot into the property of International and came to the end of the sidewalk. She then stepped up on it and walked to the catwalk laid across Maple Lane and thus entered the north gate. She and her husband had agreed, before parting, to meet that afternoon at the place where he had left her.

There was rain during the day and when she left the plant about 4 p.m., it was raining hard. She retraced the same route by which she had entered in the morning, although a safer path through the parking lot was available to her. Upon reaching the end of the sidewalk she fell. It is not clear whether her fall was due to the elevation of the sidewalk or to the slipperiness of the earth. There was some testimony to indicate that she took two or three steps on the ground before falling. There was also some testimony—apparently un-

contradicted—to indicate that she was hurrying or walking fast because of the rain.

 Citation of authorities concerning the law of contributory negligence seems superfluous. Mrs. Rhein, of course, had the duty of exercising reasonable care for her own safety. What is reasonable care depends on the circumstances of the particular case. Her conduct must be judged by what she knew or was duty bound to know. *Robelen Piano Co. v. DiFonzo,* 169 *A.* 2d 240. Knowing that the whole area north of the old building was the scene of considerable construction work, she was bound to realize that there might well be unusual hazards existing. When she traversed this same route in the morning, she saw that the sidewalk ended abruptly some distance before reaching Route 13 and that beyond the sidewalk there was nothing but dirt for her to tread upon. She must have known that the dirt would be slippery from the rain. She saw the difference in elevation between the walk and the ground. In short, the situation as a whole was one requiring that she keep careful watch of her path and govern her steps according to the hazard presented, certainly to a much greater degree than is usually necessary upon an ordinary public sidewalk. Whether her fall was due to the elevation of the walk or the slipperiness of the mud, or both, her own lack of due care is evident and was clearly a contributing cause, barring any right of recovery from the defendant. It likewise bars a recovery by her husband. 27 *Am. Jur.* 108; 41 *C. J. S.* Husand and Wife § 401, p. 895.

Appellants argue that the appellee cannot properly urge error in the refusal of the lower Court to direct a verdict because appellee did not itself take an appeal to this Court. They cite 3 *Am. Jur.* 402 as authority for this position. The rule there stated has no application to the present case. Appellee is not asking us to alter or reverse the judgment entered below; it has simply presented arguments to support that judgment. The rule applicable here is that stated in

*Bigger v. Unemployment Compensation Commission,* 4 *Terry* 553, 53 A. 2d 761, as well as a number of other Delaware decisions, to the effect that this Court will not reverse a correct judgment, even though the lower Court arrived at that result for a wrong reason.

The judgment entered below for the appellee was correct and must be affirmed for the reason herein stated.