Hillsborough,
No. 4937.

PETER W. BUKOWSKI *v.* SARAH E. BUFFUM.

Argued September 6, 1961.

Decided December 29, 1961.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Joseph F. Devan* (*Mr. Devan* orally), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Robert F. McGinnis* (*Mr. McGinnis* orally), for the defendant.

WHEELER, J. The principal contention of the defendant is that the plaintiff was guilty of contributory negligence and that his own testimony bars recovery.

The plaintiff was 66 years of age and had been crossing the street in the same general area for thirty years. His hearing and eyesight were good. He was aware that around 5:00 o'clock the traffic was heavy.

On the day of the accident, following his usual custom, he stopped on the sidewalk before stepping out into the street. He waited until some traffic proceeding easterly on the bridge had passed and testified "When I started to cross, I could not see any cars in either direction" and "I looked at the bridge. I look everywhere." He saw cars further down the bridge " . . . but close to me, no."

After getting out into the road about four feet, he testified, he could see easterly to a point about one-quarter of the way across the bridge and he looked "carefully" to his left and to his right and saw no cars. He continued across the middle of the road and looked "carefully" again but failed to see any approaching lights. At no time did he observe a car approaching closely while crossing the street. The plaintiff wore a dark coat and brown hat.

The defendant was proceeding across the bridge at 25 miles per hour. Her lights were on low beam. It had been raining that day and the road was wet. There were no vehicles approaching easterly within 500 feet. Her first knowledge of the plaintiff's presence was when she saw his face turned in her direction. She immediately applied the brakes and stopped. The left rear tire left a mark on the pavement 25 feet long.

Taking the evidence most favorable to the plaintiff we think it admits of only one conclusion, that if he had looked "carefully" as he said he did on at least three occasions before and while crossing the street, a "careful" look would have disclosed the presence of the defendant's approaching motor vehicle. His due care is not to be judged on the basis of what he claimed he did not see but in the light of what the ordinary man of average prudence in the position of the plaintiff ought reasonably to have observed. *Niemi* v. *Railroad*, 87 N. H. 1, 3; *Lafountaine* v. *Moore*, 90 N. H. 258; *L'Heureux* v. *Desmarais*, 89 N. H. 237, 238; *Davis* v. *Lord*, 95 N. H. 237.

There is a distinction between the facts in the case at bar and that group of cases in which the plaintiff "looked and saw" but made a mistake in judgment and failed to properly appraise the situation. *MacKelvie* v. *Rice*, 92 N. H. 465, and cases cited.

The failure of Bukowski to see an approaching motor vehicle at any time before he was struck makes his conduct careless and constitutes contributory negligence.

The plaintiff excepted to the refusal of the Court to instruct the jury on the last clear chance doctrine. We think the evidence clearly demonstrates that the defendant was not aware of the plaintiff's presence until he was directly in front of her, and at that point there was opportunity only for instinctive action. *Clark* v. *Railroad*, 87 N. H. 36, 38. The plaintiff's requests were properly denied.

*Exceptions overruled.*

DUNCAN, J., dissented being of the opinion that judgment should be entered on the verdict; the others concurred.