ADDIE C. DAMMER and FRANK A. DAMMER, her husband, Plaintiffs Below, Appellants, v. METROPOLITAN MERCHANDISE MART, INC., a Delaware Corporation, Defendant Below, Appellee.

*(February* 16, 1966)

CARREY and HERRMANN, JJ., and MARVEL, Vice-Chancellor, sitting.

*Edward W. Cooch, Jr.,* and *H. Alfred Tarrant, Jr.,* of Cooch & Taylor, for appellants.

*Alfred M. Isaacs,* of Flanzer & Isaacs, for appellee.

Supreme Court of the State of Delaware No. 88, 1965.

CAREY, Justice.

Plaintiffs below have appealed from a summary judgment entered against them in Superior Court. The action seeks damages for injuries suffered by Mrs. Dammer as the result of a fall on a crosswalk at defendant's shopping center.

On January 17th, 1963 at about noon, plaintiff, her daughter and another lady were at the shopping center. They reached a place in

front of the Franklin Simon Store and were headed towards the Strawbridge & Clothier Store. Between the two stores, there is a twenty-foot roadway leading from the front parking lot to another parking lot in the rear. The ladies came to the curb of this roadway at a marked crosswalk and paused to look for traffic. None was approaching and they started across. Before stepping down, the plaintiff noticed that a section of the macadam road pavement was broken or crumbled, probably as the result of ice. On the left side of the crosswalk where plaintiff was standing there was no hole, but there were loose stones and small lumps of macadam along the area between two painted lines delineating the crosswalk. The broken area extended perhaps two or three feet outward from the curb, but reached no further than a few inches to the left of the left-hand painted line. Beyond that line, both to the left and in front of the broken area, there were some loose pebbles and stones sparsely scattered about. On her first or second step after leaving the curb, plaintiff stepped on a stone or piece of macadam and fell to the pavement.

Plaintiff admittedly saw the condition described above before she stepped off the curb. She had previously noticed other people making the crossing without difficulty. She testified that, when she saw the spot, she did not consider that it presented any source of danger to her. She also agreed that, when she started to cross, no cars were approaching from any direction. From the photographs in the record, it is apparent that plaintiff could have avoided walking upon the broken area by stepping a foot or two to her left beyond the painted line. Counsel suggests that such action would have exposed her to a greater risk of being struck by a car; however, as plaintiff knew, no cars were approaching. The weather was clear and dry, and we think she could have easily noticed any cars which might have come along after she started to cross even though she were a foot or two beyond the painted line. While there were some scattered stones along that path, it would have been easy to avoid stepping on them.

The argument Judge, assuming negligence on defendant's part, held that plaintiff was guilty of contributory

negligence* in stepping upon the broken part of the pavement after having seen its condition. We agree with his conclusion. Plaintiff was under a duty to exercise due care for her own safety, i. e., the care which a reasonably prudent person would exercise in a like situation. We agree that there are many occasions when the liability or duty of a plaintiff to appreciate the hazard presented by a given condition is a jury question, and we do not criticize those cases cited in plaintiff's brief. We are of the opinion, however, that those cases are not applicable here because we think a reasonably prudent person is bound to know that stepping on small loose stones can cause, and indeed is likely to cause, a fall. See Prosser on Torts (3d ed.) 463; *Rhein v. Wark & Co.,* 4 Storey 10, 174 A.2d 132. Plaintiff saw the hazardous condition; she should have appreciated the danger, even though she says she did not; she could easily have avoided the risk in the manner described above. On the basis of plaintiff's own testimony, the defendant has discharged its duty to demonstrate, to a reasonable certitude, that there is no genuine issue of fact with respect to contributory negligence, which bars any recovery by plaintiffs. *Cf. Williamson v. Wilmington Housing Authority,* Del., 208 A.2d 304; *Allied Auto Sales, Inc. v. President, Directors & Co. of Farmers Bank,* Del., 216 A.2d 666 (January 26, 1966).

The entry of summary judgment was correct and we accordingly affirm it.

---

*We do not pause to consider whether the proper designation of plaintiff's conduct should be "assumption of risk" rather than "contributory negligence." See Prosser on Torts (3d ed.) 450. The result here is the same.