Strafford,
No. 5532.

ARTHUR J. GRIMES *v.* JOHN A. LABRECK.

NINA L. LABRECK *v.* CLAUDIA A. GRIMES.

Argued December 6, 1966.
Decided February 24, 1967.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree, Dort S. Bigg* and *Charles Solms III* ( *Mr. Solms* orally ), for the plaintiff Grimes.

*Charles F. Hartnett* ( by brief and orally ), for the defendant John A. Labreck and the plaintiff Nina L. Labreck.

*Burns, Bryant, Hinchey & Nadeau* and *Robert P. Shea* ( *Mr. Shea* orally ), for the defendant Grimes.

DUNCAN, J. The collision which gives rise to these actions occurred at approximately 4:45 P. M. The defendant Claudia A. Grimes undertook to drive an automobile belonging to her father, the plaintiff Arthur J. Grimes, from the driveway of their home on the east side of Route 16 in Dover to travel south on Route 16. The defendant John A. Labreck was traveling north on Route 16. The vehicles collided just south of the driveway at approximately the mid-line of the highway. The Labreck vehicle came to a stop on the westerly shoulder, and the Grimes vehicle was turned about in the traveled way so that it was headed northerly.

The Court made findings and rulings in writing, in part as follows: " The Court finds that Claudia A. Grimes negligently attempted to enter into the highway at a time when it was not safe to do so and that John A. LaBreck was traveling at a speed that was not reasonable and proper under all the circumstances, and that the negligence of both Claudia A. Grimes and John A. LaBreck contributed to and helped to cause the accident. " These findings were fully warranted by the evidence. While the defendant Claudia testified that there were no automobiles in view in either direction as she emerged from the driveway, there was evidence that she had an unobstructed view for a distance of at least 300 feet to the south, but failed to see the Labreck automobile approaching from her left until her front wheels had reached the center of the highway and the Labreck car was only 150 feet away.

The finding and ruling that the defendant Labreck was traveling at a speed that was not reasonable and proper under all the circumstances was likewise warranted. The applicable posted speed limit, which was posted a mile or more south of the scene of the collision was forty miles an hour. Labreck was familiar with the highway and with the comparatively heavy traffic prevailing at that time of day. He testified that he was traveling approximately 45 miles an hour before he applied his brakes. There was evidence that just prior to the collision he had passed another vehicle " at a high rate of speed. " Tire marks left by his vehicle extended for a distance of 100 feet up to the point of collision and for a further distance of 30 feet beyond.

In support of his exception to denial of a motion for a directed

verdict, Labreck argues that as a matter of law the conduct of Claudia Grimes was the sole cause of the accident; that she had "an absolute duty" to yield him the right of way, and that his speed was in no way causal of the accident.

RSA 262-A:30 requires that a driver "about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway." While Labreck was entitled to rely upon Claudia's compliance with this statute until such time as he had reason to know that she might do otherwise ( *Eichel* v. *Payeur*, 106 N. H. 484, 487-488 ), failure on her part to comply with the statute did not operate as a matter of law to relieve Labreck of the duty to exercise reasonable care, and to drive at a speed which was reasonable and prudent under prevailing conditions. RSA 262-A:54; *Owen* v. *Dubois*, 95 N. H. 444, 446. A finding that his speed was unreasonable ( RSA 262-A:54 II, 56 ), and that the collision was caused in part by his inability for that reason to slow his vehicle sufficiently to avoid the accident was permissible upon the evidence. His motion for a directed verdict was properly denied.

With respect to the imputation of the negligence of the operators of the vehicles to the respective owners, the Trial Court made the following findings and rulings: "The Court finds further that a bailment existed with reference to the Grimes vehicle and that the negligence of Claudia A. Grimes is not imputed to her father, Arthur J. Grimes. The Court finds that John A. LaBreck was in fact the owner of the vehicle which he was operating; that he had made all of the payments on the automobile and that its registration in the name of Nina L. LaBreck was merely for convenience sake." These findings and rulings are likewise sustained. The evidence was that Claudia was operating her father's car for the purpose of buying some green corn at the roadside south of her home. On the evidence the Court could find that in so doing she was not acting as agent for her father. The father testified that the purchase "was a mutual decision," that Claudia "decided she'd go down and pick it up at Hebbard's" and that it was done "for the family." The "family use" doctrine is not recognized in this jurisdiction. *Moulton* v. *Langley*, 81 N. H. 138; *LaFond* v. *Richardson*, 84 N. H. 288. While purchase of the corn could be found to be in aid of the father's support of the family, this circumstance did not compel a finding that Claudia was acting as his agent in using the

automobile to perform the errand. Her use of it to transport corn was not such an essential feature of family support as to make her father liable for her conduct at a time when she was in exclusive possession and control of the vehicle. See *Pickard* v. *Morris*, 91 N. H. 65, 70; *Leavitt* v. *Bacon*, 89 N. H. 383, 389; *Carr* v. *Orrill*, 86 N. H. 226, 228.

The evidence with respect to the ownership of the Labreck vehicle similarly supported the findings and rulings of the Court. There was no evidence that ownership of the vehicle was in Mrs. Labreck, beyond testimony that she had originally purchased it on behalf of her son, as a matter of convenience, some months before the accident. Her son was engaged in repaying her in monthly installments; the registration plates bore his initials; and he regularly drove the car to and from work in Portsmouth, and otherwise had the beneficial use of it. In seeking to recover for damage to the vehicle the burden was upon Nina L. Labreck, as plaintiff, to establish her beneficial ownership. The issue was one of fact, and a finding contrary to that made by the Trial Court was not compelled. See *Bosen* v. *Larrabee*, 91 N. H. 492.

Various exceptions to the granting and denial of requests which have been argued by the Labrecks depend for validity upon the contentions made to establish error in the findings and rulings hereinbefore considered. They are likewise overruled.

*Judgment on the verdicts.*

BLANDIN, J., sat at argument but took no part in the decision; the others concurred.