Grafton,
No. 5680.

### Marion O'Neal

*v.*

### F. W. Woolworth Company.

Argued September 4, 1968.
Decided October 31, 1968.

*Nighswander, Lord & Martin* and *David J. Killkelley* ( *Mr. Killkelley* orally ), for the plaintiff.

*John E. Gormley* ( by brief and orally ), for the defendant.

Lampron, J. Action to recover damages for personal injuries sustained by the plaintiff on July 8, 1963, when she fell while on defendant's store premises in Littleton. Trial by jury, with a view, resulted in a verdict for the defendant.

Plaintiff's exceptions to the exclusion of certain evidence, to the limitation of the use to be made of other evidence, and to the submission to the jury of the issue of her contributory negligence were reserved and transferred by *Keller*, J. Defendant's excep-

tions to the denial of its motions for nonsuit and directed verdict were also transferred.

Plaintiff's claim was that the defendant failed to use reasonable care to maintain the terrazzo entryway to its store in a reasonably safe condition in that it was wet and slippery from rain water; that defendant, knowing of this condition, failed to take remedial action by mopping or using an abrasive known as feldspar thereon; that by reason thereof plaintiff slipped on the terrazzo, fell on a rubber mat inside the door, and sustained her injuries.

At the beginning of the trial plaintiff made an offer to prove by defendant's store manager that within an hour after her fall he put feldspar on this entryway and excepted to the ruling excluding it. The evidence was offered to show that the entryway was wet and slippery at the time of plaintiff's accident and that the store manager knew it. Counsel argued that it was admissible as part of the *res gestae*. As this was not an exclamation or statement with which the exception to the hearsay rule known as *res gestae* is usually concerned (see *Sargent* v. *Alton*, 101 N. H. 331, 333; *Mittersill Ski Lift Corp.* v. *State*, 105 N. H. 219, 223), the term must have been meant by counsel "to designate the timescope of an agent's authority to act" in order to bind his principal by an admission. 6 Wigmore, Evidence (3d *ed.*) *s.* 1756a, *p.* 164; 4 *Id., s.* 1078, *p.* 119.

The evidence of the manager's conduct being offered was of the same nature as evidence of subsequent repairs made after an accident. It was not competent to show negligence on the part of the defendant. Although it might have been competent to show the manager's knowledge of the slippery condition of the entryway at the time of the accident, it should not be admitted for such purpose unless the reasons for its admission are sufficient to overcome any prejudice which might result. *Smith* v. *Company*, 83 N. H. 439, 450, 451. *Blais* v. *Company*, 93 N. H. 370, 374. As this same testimony was received later in the trial, it is unnecessary to decide whether the prior offer was properly excluded as plaintiff could not have been prejudiced by the Court's ruling. *Burnham* v. *Stillings*, 76 N. H. 122, 125.

A witness testified that over a year and one half later at about 5:00 P.M. on February 10, 1965, she had a conversation with the same store manager about this entryway. Plaintiff offered to prove, as an admission binding on the defendant, the follow-

ing statement made to her by the manager "It [the entryway] was always slippery, no matter if anything was put on or not." The Trial Court admitted this statement on the issue of the manager's credibility and instructed the jury that it was to be used solely for that purpose.

Plaintiff argues that she was entitled to have this statement considered by the jury as proof that defendant's agent knew the entryway was slippery at the time of plaintiff's accident on July 8, 1963. The Trial Court could properly find that the manager's statement referred to the condition of the entryway under the circumstances prevailing on February 10, 1965, when the conversation took place, that is, winter, snow, ice, slush, and freezing as testified by the witness whose testimony was offered. We hold that the Trial Court could properly find and rule that these conditions were sufficiently dissimilar to those prevailing on July 8, 1963, when plaintiff fell, to render the manager's statement inadmissible on the issue of his knowledge that the entryway was rendered slippery by the rain which fell on the day of the accident. See *Lovett* v. *Railway*, 85 N. H. 345, 352. We hold the Trial Court properly limited the use the jury was to make of the testimony.

The Trial Court charged the jury in part as follows: "The defendant claims that the plaintiff was going hurriedly into the store without paying proper attention to where she was going and, taking into consideration the type of footwear that she had on and the weather, that she was negligent." Plaintiff excepted to the Court's charge on the ground that the issue of her contributory negligence should have been withdrawn from the jury. In deciding the propriety of the Trial Court's action the evidence on this issue must be construed most favorably to the defendant. See *McLaughlin* v. *Union-Leader*, 99 N. H. 492, 495.

There was evidence that plaintiff who operated a restaurant in Littleton drove to defendant's store on the afternoon of July 8, 1963 because she had to get creamers for her restaurant as some of them were broken the night before. She testified at the trial "it had been raining very hard, and if I didn't find a place in front of Woolworth's, I wasn't going to stop." She had previously testified in her deposition "I will make a dash in . . . if I can get a parking place in front of the store."

Plaintiff also testified that the rain had let up when she arrived at defendant's store; that she was not in a hurry, and stopped

to look into one of the display windows before proceeding to enter the store; that she then took a few steps and slipped and fell.

Plaintiff was wearing her work uniform and flat shoes with a leather or composition sole and about a 1/4 inch heel. She had stopped and gone into two other establishments, in the rain which was falling hard, before arriving at Woolworth's. Plaintiff testified that in the process of entering defendant's store she slipped "like I went on a banana peel" and "I went flying," and landed on a rubber mat inside the store beyond the threshold. She also testified "I don't know where I slipped."

On this conflicting testimony we cannot say as a matter of law that plaintiff could not have been found contributorily negligent. It was a question for the jury to determine whether or not plaintiff's fall was caused, in whole or in part, by her hurried entrance into defendant's store with her wet shoes, or otherwise. We hold that the Trial Court properly submitted the issue of plaintiff's contributory negligence to the jury. See *Richards* v. *Crocker,* 108 N. H. 377, 379; *Mutterperl* v. *Lake Spofford Hotel,* 106 N. H. 538, 543, 544; *Wik* v. *Company,* 91 N. H. 170, 171; Annot. 62 A. L. R. 2d 6, 103-120.

In view of the result reached it is unnecessary to consider defendant's exceptions and the order is

*Judgment for the defendant.*

All concurred.