Hillsborough
No. 6909

ZOE ARAPAGE & *a.* v. GERTRUDE M. ODELL & *a.*

October 31, 1974

*James J. Kalled,* by brief and orally, for the plaintiffs.

*Devine, Millimet, Stahl & Branch (Mr. Matthias J. Reynolds* orally) for defendant Paul William Reeves.

*Nighswander, Lord, Martin & KillKelley* for the defendant Gertrude M. Odell, filed no brief.

GRIFFITH, J. The issue raised in this appeal arises out of settlement negotiations between plaintiffs' counsel and counsel for one of two defendant drivers in negligence actions brought as a result of a two-car accident. The accident occurred at the intersection of Central Street and Chestnut Street in Manchester, on February 2, 1970. Defendant Paul William Reeves, when the cases were assigned for trial, moved to enforce a settlement agreement with the plaintiffs. The Trial Court (*Cann,* J.) transferred without ruling the issue raised by the motion.

Plaintiff Zoe Arapage was a passenger in an automobile driven by Gertrude M. Odell which was in collision with an automobile operated by Paul W. Reeves. Suits on behalf of Zoe Arapage for injuries sustained in the accident and her husband, William G. Arapage, for consequential damages were brought against both drivers. Settlement negotiations between counsel for defendant Reeves and plaintiffs' counsel were conducted both in writing and over the telephone.

On January 10, 1974, plaintiffs' counsel offered to settle with Reeves on a covenant not to sue for $45,000, less certain credits for medical payments made. In addition the offer was conditioned upon Reeves admitting liability but staying in the case and together with his counsel cooperating in establishing the liability of defendant Odell. In addition, no cross-examination by counsel for Reeves was to be pursued with the aim of diminishing damages. In a letter dated January 21, 1974, plaintiffs' counsel withdrew his offer on the ground of defendant's counsel's failure to accept the offer of January 10 as outlined. By letter of January 22, 1974, defendant's counsel stated he considered the case settled for the amount of $45,000, less the medical payments and agreed to admit liability but did not agree to the other conditions.

In his motion to enforce settlement, defendant Reeves reiterated his willingness to pay the sum agreed but refused the participation in the trial by defendant and his counsel, on which the offer of January 10, 1974, was conditioned. It is the position of the defendant Reeves that the condition of requiring defendant and his counsel to participate in the trial for the limited purposes stated is improper and illegal. Defendant claims the right to enforcement of the settlement for the amount agreed upon and to disregard the requirement conditions of defendant's participation in the trial.

The conditions imposed by plaintiffs' counsel in this case are an example of the ingenuity of counsel in devising settlement with one defendant while utilizing that defendant as a chained ally in his action against another defendant. We recognize some force in the argument of defendant's counsel that the proposed settlement would require him to improperly participate in a trial in which he had no interest. Except for the fact that defendant's liability in this case is

fixed, the proposed agreement resembles the "Mary Carter Agreement", wherein "one codefendant secretly agrees with the plaintiff that, if such defendant will proceed to defend himself in court, his own maximum liability will be diminished proportionately by increasing the liability of the other co-defendants." *Ward v. Ochoa,* 284 So. 2d 385, 387 (Fla. 1973). While the agreement was enforced in the case from which the question first arose *(Booth v. Mary Carter Paint Co.,* 202 So. 2d 8 (Fla. 1967)), such agreements have since been required to be revealed to the trier of fact in the jurisdiction where the case first arose. *Ward v. Ochoa supra; Maule Industries, Inc. v. Rountree,* 284 So. 2d 389 (Fla. 1973). Whatever the status of the agreement between the parties, agreements of this type may be vulnerable to attacks from codefendants under certain circumstances. *Lum v. Stinnett,* 87 Nev. 402, 488 P.2d 347 (1971); *see* Note, *Compromise and Settlement – Disapproval of "Mary Carter" Agreements,* 23 Defense L.J. 516 (1974); Note, *The Mary Carter Agreement – Solving the Problem of Collusive Settlements in Joint Tort Actions,* 47 S. Cal. L. Rev. 1393 (1974).

However, the enforceability of the agreement proposed by the plaintiff is not before us in this case since the defendant never agreed to the conditions he now attacks. The defendant in this case has no agreement to enforce. Fundamental in the making of a valid contract by offer and acceptance is the requirement that an offer be accepted unconditionally. 1 S. Williston, Contracts § 73 (3d ed. 1957); *Lord v. Meader,* 73 N.H. 185, 60 A. 434 (1905). Counsel for defendant Reeves accepted the monetary part of the offer and specifically rejected the cooperation provisions. This was a rejection not an acceptance of plaintiffs' offer of settlement although it may be considered a counter offer, which was not accepted by the plaintiffs. *Harris v. Scott,* 67 N.H. 437, 32 A. 770 (1893); 1 S. Williston, Contracts § 77 (3d ed. 1957); Restatement (Second) of Contracts § 60 (Tent. Draft No. 1, 1964). Accordingly there is no agreement between the parties to be enforced and defendant's motion must be denied.

*Remanded.*

All concurred.