Hillsborough
No. 7255

ZOE ARAPAGE & *a.* v. GERTRUDE M. ODELL

August 31, 1976

*James J. Kalled,* by brief and orally, for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley (Mr. David J. Killkelley* orally) for the defendant.

PER CURIAM. This case arises from an intersection collision. Mrs. Arapage was a passenger in the car of Mrs. Odell, which collided with a vehicle driven by a Paul Reeves. After a prior transfer to this court, Reeves settled with the plaintiffs. *See Arapage v. Odell,* 114 N.H. 684, 327 A.2d 717 (1974). Mrs. Arapage's action to recover for personal injuries was tried together with her husband's claim for damages and loss of consortium. The jury found for the defendant Mrs. Odell. *Loughlin,* J., reserved and transferred the plaintiffs' exceptions to a portion of his charge.

The defendant was driving north on Chestnut Street in Manchester when her car collided with the car driven by Paul Reeves. Reeves was travelling east on Central Street. The front of the defendant's car struck the right-hand door of Reeves' car. At the point of impact both cars were in the right-hand lane of the street on which they were travelling. After the collision Reeves' vehicle came to rest facing south, a short distance east of Central Street. The defendant's car stopped on the far side of the intersection on Chestnut Street facing northeast.

A building at the southwest corner of the intersection prevented each driver from seeing the other until one or the other was almost in the intersection. There is a stop sign for traffic on Central, but none for traffic on Chestnut. The building prevents persons stopped before the sign from seeing very far down Chestnut, and, conversely, the building prevents persons travelling north on Chestnut from seeing the sign until they are close to the intersection. The jury took a view of the scene. There was a moderate to heavy rain falling when the accident occurred about 7:10 p.m. on February 2, 1970. There were no parked cars or other traffic to obstruct the view of the drivers. Each driver testified that he did not see the other until just before the collision.

Reeves testified that he stopped at the stop sign. Previously he pleaded nolo contendere to a charge of violating RSA 262-A:29 II, failure to yield the right of way after stopping. Just before the

collision Mrs. Arapage "screamed out, 'He didn't stop!'" She testified that she did not see the stop sign. In cross-examination counsel for the defendant asked Mrs. Arapage, "[A]s you saw it from sitting as a passenger in this car, there wasn't anything wrong with the way Mrs. Odell drove her car on that date; isn't that true?" Mrs. Arapage answered, "That is true."

The plaintiffs state their position in their brief as follows: "Plaintiffs contend that the Trial Judge's instruction referrable to the defendant Odell's allegation that Paul W. Reeves violated RSA 262-A Section 50 by failing to stop at the STOP sign constitutes reversible error on the grounds that there was insufficient evidence presented to support the giving of the instruction. It is the plaintiffs' opinion that in spite of the Court's instruction that Odell would be liable if she contributed to the accident, this instruction unnecessarily prejudiced the plaintiffs' case by subtly leading the jury to compare the respective faults of Reeves and Odell and away from the clear contributing legal fault of the defendant Odell." The plaintiffs challenge the following portion of the instructions: "It is also the allegation of the defendant Odell that Mr. Reeves violated RSA 262-A, Section 50, as it pertains to stop signs. I will read this part of the statute to you: 'Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at a point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.'"

This passage is part of a longer portion of the charge in which the court mentioned the defendant's claim that Reeves violated RSA 262-A:29, regarding the duty to yield the right of way at a stop sign. After the challenged passage, the court stated, "[I]t is the claim of both the plaintiff Mrs. Arapage and the defendant Odell that RSA 262-A:54, subsections I and III, were violated." These provisions establish a duty to drive at a reasonable and prudent speed according to the circumstances; the statutes are quoted below. In each instance the court read the statute to the jury. The court summarized its instructions on liability as follows: "Now, if you find that both operators Mr. Reeves and Mrs. Odell violated a common law or statute with resulting harm to the plaintiff and both caused or contributed to cause the accident, then

recovery should be for the plaintiff. If you find that Mrs. Odell was not at fault, your verdict should be for the defendant. If you find that the defendant Mrs. Odell was solely at fault, the verdict should be for the plaintiff."

The purpose of reading a statute in a charge is to provide the jury with a standard of conduct. Conduct which violates a safety regulation gives rise to liability. *Moulton v. Groveton Papers Co.*, 112 N.H. 50, 52-53, 289 A.2d 68, 71 (1972); *Hodgdon v. Gallagher*, 114 N.H. 581, 325 A.2d 792 (1974). Reeves' liability was not an issue in the case. The manner in which Reeves entered the intersection was an issue. If he did not stop, so that he crossed the intersection relatively quickly, the defendant would have had little time to react and may not have been able to avoid the accident by the exercise of due care. If Reeves did stop at the stop sign and if he then entered the intersection relatively slowly, the time during which he was visible to the defendant would be greater, as would her opportunity to avoid the accident by the exercise of due care.

Reeves testified that he stopped at the sign. The jury was not compelled to accept his testimony. *Bill v. Company*, 90 N.H. 453, 456-57, 10 A.2d 662, 664 (1940). The jury could reasonably have found from the evidence as a whole that Reeves did not stop. This circumstance distinguishes this case from *Bissonnette v. Cormier*, 100 N.H. 197, 122 A.2d 257 (1956), where the record supported the trial court's instruction that there was no evidence that the defendant failed to stop at the stop sign. In this case, the challenged instruction did not suggest to the jury an interpretation of the event which was unsupported by evidence. Nor did the charge as a whole unfairly emphasize a particular interpretation of the evidence. *Cf. Derby v. Company*, 100 N.H. 53, 60, 119 A.2d 335, 342 (1955).

There is evidence that the jury did focus on the critical question whether the defendant was negligent and thereby caused the plaintiffs' injuries. After the jury had deliberated for four hours, it requested that the court again read to it RSA 262-A:54 I and III. Subsection I provides: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care." Subsection III provides: "The driver of every vehicle shall, consis-

tent with requirements of paragraph I, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hillcrest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic by reason of weather or highway conditions." These provisions are relevant to judging the defendant's conduct: If she approached the intersection going too fast, she might be unable to react properly to traffic crossing in front of her. On the other hand, these provisions have little application to Reeves: His conduct is more aptly measured against the standards of RSA 262-A:29 and :50, which concern stopping at stop signs and the manner of proceeding after stopping. The jury's request to have the provisions of RSA 262-A:54 I and III read again indicates that the jury did focus on the issue of the defendant's negligence.

The legal principles governing the question of the defendant's liability are straightforward. It does not appear that "the jury could have been misled" by the challenged instruction. *See Cormier v. Conduff,* 109 N.H. 19, 22, 241 A.2d 795, 797 (1968).

*Plaintiffs' exceptions overruled.*