Hillsborough
No. 79-031

ROLAND LAPIERRE, & a.

v.

JOSEPH MALTAIS, REGISTER

August 17, 1979

*Winer, Lynch & Pillsbury*, of Nashua (*Robert W. Pillsbury* orally), for the plaintiffs.

*James A. Connor*, of Manchester, by brief and orally, for the defendant.

*Holland, Donovan, Beckett & Welch*, of Exeter (*Stephen G. Hermans* orally), for amicus curiae New Hampshire Register of Deeds Association.

DOUGLAS, J.   The plaintiffs brought this negligence action against the defendant, the Hillsborough County Register of Deeds, for his alleged failure to correctly index a mortgage. The Superior Court (*DiClerico*, J.), in an extensive and thorough order, found for the defendant. The plaintiffs excepted to the court's ruling admitting certain evidence, and to the denial of their motion to set aside the verdict as against the weight of the evidence. Their exceptions were reserved and transferred to this court. We affirm.

In 1972, Fernand Fauteux, who is not a party to this appeal, obtained a $45,000 mortgage on two tracts of land from the Colonial Trust Company in Nashua. The tracts were located in Merrimack and Nashua. Although the mortgage was duly recorded, an unidentified registry employee failed to indicate the location of the Nashua tract in the grantor index.

In early 1973, Fauteux, who wished to sell the Nashua property because of financial difficulties with creditors and the Internal Revenue Service, entered into sales negotiations with plaintiffs Roland Lapierre and Richard W. Jenney, who were doing business as L & J Management Company. A purchase and sale agreement was signed on June 29, 1973. The trial court specifically found that during the negotiations Fauteux had informed Lapierre and Jenney of all encumbrances on the property, including the Colonial Trust mortgage. The June agreement was cancelled and another purchase and sale agreement was executed in early October. On October 17, 1973, Fauteux conveyed the property to the plaintiffs by warranty deed.

Before the closing, Jenney requested his attorney to undertake a title search. Although the attorney found one lien that Fauteux had not disclosed to Jenney and Lapierre, he did not discover the Colonial Trust mortgage because of the misindexing. At the closing on December 13, 1973, neither Jenney, Lapierre, nor Fauteux mentioned the Colonial Trust mortgage. The plaintiffs contend that they were unaware of this mortgage until they read Colonial Trust's published foreclosure notice in March 1974.

At trial, the court admitted into evidence a letter written on Lapierre and Jenney Realty Development stationery. The letter was addressed to Joseph Labore, the Internal Revenue Service agent in charge of the lien against Fauteux's property, and appeared to be

signed by Charles Johnston, a mortgage broker who had a business relationship with the plaintiffs. It was dated August 29, 1973. The letter contained a reference to the Colonial Trust mortgage in a list of mortgages and liens on Fauteux's Nashua property. The plaintiffs objected to its admission into evidence on the ground that the letter was not properly authenticated. We hold that the evidence was admissible as an admission of the plaintiffs. "The written statements of a *third person* may be so dealt with *by the party* that his assent to the correctness of the statements may be inferred, and they would thus by adoption become his own statements." 4 J. WIGMORE, EVIDENCE § 1073, at 129 (Chadbourn rev. 1972) (emphasis in original). Before the letter was introduced, Fauteux testified that he told Lapierre and Jenney about the Colonial Trust mortgage. He further stated that Jenney or Lapierre had given him a copy of the letter and had told him that they were sending the letter to satisfy Labore and the Internal Revenue Service until after the sale. This conduct of the plaintiffs "amount[s] to an approval of [the document's] statements as correct, and thus it may be received against [them] as an admission by adoption." *Id.* at 138.

The plaintiffs also argue that the defendant did not prove by a preponderance of the evidence that the plaintiffs were more negligent than he. RSA 507:7-a (Supp. 1977). They argue that they had no knowledge of the mortgage prior to closing, and that they properly relied upon the title search, which did not reveal the mortgage. They also argue that the court's finding in a companion case that Fauteux was more negligent than the defendant is inconsistent with the court's finding in the present case that the plaintiffs were more negligent than the defendant.

■ ■ The comparison of negligence is a question of fact to be determined by the trier of fact. *See* C. HEFT & C. HEFT, COMPARATIVE NEGLIGENCE MANUAL § 10.30 (rev. ed. 1978). The factual findings of the trial court "will not be set aside if they could reasonably be made on the evidence." *Archambault v. Adams,* 118 N.H. 634, 638, 392 A.2d 139, 142 (1978). The trial court found, based on Fauteux's testimony, that the plaintiffs had actual knowledge of the Colonial Trust mortgage before closing. The trial court could therefore conclude that the plaintiffs' failure to notify their counsel of the mortgage at the time he undertook the title search, and their failure to inquire at the closing as to the status of the mortgage, constituted greater negligence than any alleged negligence of the defendant. The trial judge could have found that Fauteux's failure to inquire about the mortgage at the closing also constituted negligence greater than the defendant's. The

two findings are not inconsistent. *See Russell v. Hixon*, 117 N.H. 35, 369 A.2d 192 (1977).

Our decision on the above issues makes it unnecessary for us to consider the issue of the defendant's liability for the conduct of his registry employees.

*Exceptions overruled.*

All concurred.