Rockingham
No. 80-038

# ANNE HEATH BELLACOME

v.

# FREDERICK BAILEY

January 28, 1981

24

*Nadeau Professional Offices,* of Portsmouth (*J. P. Nadeau* orally), for the plaintiff.

*Calderwood, Ouellette, Hallisey & Dibble P.A.,* of Dover (*Dennis L. Hallisey* orally), for the defendant.

BOIS, J. This case arises from an accident involving a pedestrian and a motor vehicle. Ann Heath Bellacome brought this action against Frederick Bailey to recover for injuries which she alleged resulted from the defendant's vehicle striking her while she was crossing a street in Dover. The issue presented on appeal is whether the trial judge's instructions misled the jury to find erroneously, and contrary to the evidence, for the defendant. We hold that the instructions were not misleading and that there was sufficient evidence to support the verdict.

On January 15, 1975, the plaintiff exited from a building on the south side of Third Street where she worked. Instead of walking east approximately forty feet to the corner of Third Street and Central Avenue to cross at a marked crosswalk, the plaintiff

walked a similar distance away from the corner and then proceeded to cross the street where no crosswalk was marked. The alleged accident occurred while the plaintiff was completing her crossing. The defendant had exited from the Merchant's Bank parking lot on the north side of Third Street and was proceeding westerly in order to turn into another parking lot on the same side of the street. Although the plaintiff testified that she saw no vehicles on Third Street, she admitted seeing the defendant's vehicle stopped at the exit of the bank parking lot when she began to cross. The defendant testified that he did not see the plaintiff until a moment before his vehicle "apparently" struck her.

After a five-day trial, the jury returned a general verdict for the defendant. The plaintiff seasonably moved to set aside the verdict and for a new trial. Both motions were denied by *Randall*, J.

In her appeal the plaintiff argues that the charge as given was erroneous, misled the jury, and caused it to return a verdict contrary to the evidence. The jury instructions included a reading of RSA 262-A:34 I which provides that "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk . . . shall yield the right of way to all vehicles upon the roadway." "The purpose of reading a statute in a charge is to provide the jury with a standard of conduct. Conduct which violates a safety regulation gives rise to liability." *Arapage v. Odell*, 116 N.H. 490, 493, 363 A.2d 417, 419 (1976).

In cases involving vehicular collisions, failure of one motorist to exercise due care does not relieve the other motorist of the duty to exercise reasonable care. *Dumas v. MacLean*, 404 F.2d 1062, 1065 (1st Cir. 1968); *Grimes v. Labreck*, 108 N.H. 26, 28, 226 A.2d 787, 789 (1967). Likewise, failure on a motorist's part to exercise care does not operate to absolve a pedestrian of a reciprocal duty to use care.

Accordingly, the trial judge was correct in not instructing the jury, as the plaintiff had requested, to disregard the statute if they found that the defendant's vehicle had not entered the street when the plaintiff began to cross. Such an instruction would have been contrary to the law that a pedestrian has a continuing duty to look carefully. *See Bukowski v. Buffum*, 103 N.H. 544, 547, 176 A.2d 330, 332 (1961).

The trial judge also instructed the jury that if they found that a reasonable and prudent person would have crossed at the nearby crosswalk rather than where the plaintiff had crossed, then

they could find legal fault on the part of the plaintiff if such negligence caused or contributed to cause the alleged accident. The plaintiff argues that such an instruction is contrary to the law that a pedestrian has no duty to use crosswalks. Although we agree that pedestrians have no statutory duty to use a crosswalk, *see* RSA 262-A:34 I, failure to use an available crosswalk may in some instances constitute negligence if it causes or helps to cause the accident.

■■ A person is negligent if he fails to conduct himself as a reasonable and prudent person would under like circumstances for the protection of his interests. *See Sargent v. Ross*, 113 N.H. 388, 391, 308 A.2d 528, 530 (1973); *Fissette v. Railroad*, 98 N.H. 136, 141, 96 A.2d 303, 306 (1953); *Robinson v. Railroad*, 85 N.H. 474, 475–76, 160 A. 473, 474 (1932). If a person voluntarily chooses a course of action that is more dangerous than another available course, then he may not be reasonably protecting himself. *See Remillard v. New England Tel. Co.*, 115 N.H. 702, 704, 349 A.2d 588, 590 (1975); W. PROSSER, HANDBOOK OF THE LAW OF TORTS 148–49 (4th ed. 1971); *cf. Cooley v. Company*, 90 N.H. 460, 465–66, 10 A.2d 673, 676 (1940). Accordingly, when a person has two places in which to walk and voluntarily chooses the more dangerous path, then that person may be negligent if, under the circumstances, a reasonable and prudent person would have chosen the safer way. *See Dammer v. Metropolitan Merchandise Mart*, 59 Del. 247, 249–50, 217 A.2d 688, 689–90 (1966); *Harris v. Union Stock Yard & Transit Co.*, 29 Ill. App. 3d 1072, 1080–81, 331 N.E.2d 182, 188–89 (1975); *Klimovich v. Crutcher*, 57 Ill. App. 2d 444, 451, 206 N.E.2d 723, 727 (1965).

■ Because the plaintiff voluntarily chose not to cross the street at the available crosswalk, the issue whether a reasonable person would have chosen plaintiff's course of action rather than walking the short distance to cross at a marked crosswalk was before the court, and the trial judge properly submitted the issue to the jury for consideration. *See O'Neal v. Woolworth Co.*, 109 N.H. 197, 200, 247 A.2d 183, 185 (1968); *Dorrien v. Sirois*, 87 N.H. 144, 147, 175 A. 236, 238 (1934); 1 T. SHERMAN AND A. REDFIELD, A TREATISE ON THE LAW OF NEGLIGENCE § 108 (rev. ed. 1941, Supp. 1970).

■■ The plaintiff also contests the trial judge's prefacing an instruction on comparative negligence with a brief statement of the doctrine's origin. In that statement, the trial judge briefly described the law of contributory negligence, which the legislature

in 1969 abrogated by adopting the rule of comparative negligence. *See* RSA 507:7-a.

Statements of the historical development of the law are not generally helpful to the jury, and we do not recommend their pro forma use. We do not see how the trial judge's correct statement of the law was prejudicial to the plaintiff. *See Dervin v. Company*, 81 N.H. 108, 114, 122 A. 353, 356–57 (1923). The plaintiff argues that, having been made aware that the plaintiff would have been denied recovery for being even one percent at fault under the old standard, the jurors were made more prone to find the plaintiff preponderantly at fault and thereby to deny her recovery. A verdict is not set aside on mere speculation that a jury was misled. *See Faust v. General Motors Corp.*, 117 N.H. 679, 686, 377 A.2d 885, 889 (1977).

██ ██ Finally, the plaintiff contends that the evidence does not support a finding of negligence on the part of the plaintiff. Determining the comparative negligence of the parties is a matter for the fact-finder, and its decision will not be set aside if the evidence reasonably supports it. *Lapierre v. Maltais*, 119 N.H. 610, 612, 406 A.2d 123, 124–25 (1979). Because there was sufficient evidence to submit to the jury the issues of the plaintiff's negligence for not choosing to use an available crosswalk and for failing to exercise due care while crossing in the middle of the street, the jury could reasonably conclude that the plaintiff's conduct in either, or both, instances constituted causal negligence greater than any causal negligence on the part of the defendant.

For the foregoing reasons, the charge to the jury did not mislead them to return a verdict against the evidence. Accordingly, the denial of plaintiff's motions is

*Affirmed.*

GRIMES, C.J., and BROCK, J., dissented; the others concurred.

GRIMES, C.J., dissenting:

In my view the plaintiff's failure to cross at the crosswalk, even if it were an act of negligence, was as a matter of law a mere condition of and not a proximate cause of the accident. The fact that she crossed other than at the crosswalk merely put her where she was. RSA 262-A:34 I defines her duty if she chose not to cross at a crosswalk. If she obeyed that duty in crossing where she did she cannot be found legally at fault because she did not cross somewhere else.

BROCK, J., joins in this dissent.