Rockingham
No. 90-585

## Walley F. LeFavor

v.

## Fred H. Ford, Jr.

March 9, 1992

312

*Todd A. Whitney*, of Nashua, by brief and orally, for the plaintiff.

*Jeffry A. Schapira*, of Manchester, by brief and orally, for the defendant.

THAYER, J. The defendant, Fred H. Ford, Jr., appeals from a judgment in Superior Court (*Nadeau*, J.) finding him negligent and awarding the plaintiff, Walley F. LeFavor, $155,000. For the reasons that follow, we affirm.

The plaintiff was a tenant on the second floor of a residential building in Londonderry. There is a two-story deck attached to the rear of the building. The plaintiff gained access from his apartment to the deck through a sliding glass door. On September 2, 1986, when the plaintiff went out on the deck to empty a bucket of fish tank water, the railing around the deck gave way and he fell to the ground. As a result of the fall, the plaintiff suffered two herniated discs in his lumbar spine, a concussion and a cervical spine injury. The plaintiff sued the defendant alleging negligence and violation of RSA 48-A:14, VII, a statute which requires landlords to maintain porches, stairs

and railings in a structurally sound condition. The jury found for the plaintiff and awarded damages in the amount of $155,000. The defendant's motions to set aside the verdict and for judgment notwithstanding the verdict were denied.

On appeal, the defendant raises four issues: (1) did the court err in its instruction to the jury regarding RSA 48-A:14, VII; (2) did the court err in excluding certain evidence supporting the defendant's theory of comparative negligence; (3) did the court err in denying the defendant's request for a special verdict form; and (4) did the court apply the wrong standard of review when it considered the defendant's motion to reduce damages and for remittitur.

 ██ The defendant's first contention is that the court erred when it "in essence imposed strict liability on the defendant and failed to include proximate cause in its instruction" regarding the RSA 48-A:14, VII, violation. The defendant argues that the judge's instruction "could have mislead [sic] the jury into believing that if the defendant merely violated the statute that he was automatically liable, without considering whether the violation was also the proximate cause of the plaintiff's injuries." At trial, the judge instructed the jury that the parties reached an agreement on the cause of the plaintiff's injuries and therefore the jury did not need to consider causation in their determination of negligence. The defendant overlooks the fact that he did not object to this particular instruction, nor did he object to the characterization that an agreement on causation existed between the parties. Because the defendant failed to object to this instruction at trial, he cannot now complain of error. *State v. Brown*, 132 N.H. 520, 527, 567 A.2d 544, 548 (1989). Moreover, the defendant failed to raise the issue of causation in his notice of appeal, which precludes him from arguing the issue in his brief to this court. SUP. CT. R. 16(3)(b); *see Dombrowski v. Dombrowski*, 131 N.H. 654, 662, 559 A.2d 828, 833 (1989).

 Secondly, failure to instruct the jury on proximate cause in an action for negligence does not transform that action into one of strict liability. Causation is a necessary element of strict liability. *Thibault v. Sears, Roebuck & Co.*, 118 N.H. 802, 809, 395 A.2d 843, 847 (1978). Likewise, proximate cause is a necessary element of negligence. W. KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 79, at 560 (5th ed. 1984). Thus, it cannot follow that absence of an instruction regarding proximate cause in an action for negligence results in the imposition of strict liability, because causation is a necessary element in both negligence and strict liability actions.

The defendant did, however, object at trial to the judge's instruction regarding RSA 48-A:14, VII. The judge instructed the jury that the statute "requires a landlord to maintain porches, stairs and railings in a structurally sound condition [and that] if you find it's more probable than not that the defendant failed to comply with this statute, then that would amount to negligence and you should find against the defendant in that respect." The defendant contends that this instruction amounted to strict liability.

■ It is well established law in this State that a causal violation of a statutory standard of conduct constitutes legal fault in the same manner as does the causal violation of a common-law standard of due care . . . ." *Moulton v. Groveton Papers Co.*, 112 N.H. 50, 52, 289 A.2d 68, 71 (1972). Legal fault is found in the departure from the required standard of conduct. *Id.* This is not, however, strict liability, "which imposes liability even though the defendant has not departed in any way from a statutory or common-law standard of care, that is, without being guilty of legal fault." *Id.*

■ The relevant statute, RSA 48-A:14, VII, states in pertinent part that "[n]o landlord . . . renting or leasing a residential dwelling . . . shall maintain those rented premises in a condition in which . . . [t]he porches, stairs or railings are not structurally sound . . . ." This statute provides a standard of conduct for landlords, which is maintenance of the porches, stairs and railings in a structurally sound condition. If the porches, stairs or railings are not structurally sound, regardless of whether the landlord acted reasonably in the maintenance of the building, the statute is violated and the landlord is guilty of legal fault. RSA 48-A:14, VII, does not establish strict liability for damages. The landlord would be strictly liable only if he were held liable for all injuries occurring on the premises, proximately caused by any defect in the porches, stairs or railings, without regard to whether the porches, stairs or railings were maintained in a structurally sound condition. The judge instructed the jury that failure to maintain the porches, stairs or railings in a structurally sound condition as required by RSA 48-A:14, VII, amounts to negligence with respect to maintenance of the building. The judge's instruction did not permit the jury to find the defendant liable for the plaintiff's injuries without regard to whether the defendant complied with the statutory standard of structural soundness; thus it did not amount to a strict liability instruction.

Next, the defendant contends that he was denied the opportunity to present his theory of comparative fault to the jury because the

judge refused to allow testimony concerning the plaintiff's decision to empty the bucket of water over the porch railing rather than in the sink, toilet or bathtub. The defendant argues that this evidence is relevant to support his claim of comparative negligence, citing *Bellacome v. Bailey*, 121 N.H. 23, 27, 426 A.2d 451, 453 (1981). In *Bellacome*, this court upheld the trial court's submission to the jury of the issue of whether a reasonable person would have chosen the plaintiff's course of action, where the evidence showed that the plaintiff "voluntarily chose not to cross the street at the available crosswalk . . . ." *Id.* at 26, 426 A.2d at 453.

The present case may, however, be distinguished from *Bellacome*. In *Bellacome*, the exact harm that could have been foreseen when the plaintiff chose not to cross the street in the crosswalk occurred; specifically, the plaintiff was hit by a car. In the present case, while a reasonable person might choose to empty fish tank water in the bathroom sink or tub rather than over the railing, the injury that resulted was not a foreseeable consequence of that decision. Because the hazard of the railing giving way was not a foreseeable risk of the plaintiff's decision to empty a five gallon tub of water over the railing, that decision was not a proximate cause of the injury, and evidence regarding the plaintiff's various options of where to empty the water is not relevant on the issue of comparative fault. We therefore find no abuse of discretion in the exclusion of evidence concerning where the plaintiff could have emptied the contents of the bucket.

The defendant also argues that the judge erred in denying his request for a special verdict form regarding comparative negligence. RSA 507:7-e, II (Supp. 1991) states in pertinent part:

> "In all actions, the damages attributable to each party shall be determined by general verdict, unless the parties agree otherwise, or due to the presence of multiple parties or complex issues the court finds the use of special questions necessary to the determination."

A general verdict is sufficient unless the trial judge, in the exercise of his or her inherent power, determines that a special verdict is necessary to guide the jury through complicated or multiple count negligence cases. *Hurley v. Public Service Co. of N.H.*, 123 N.H. 750, 756, 465 A.2d 1217, 1221 (1983). "We see no reason to disturb this rule or to inhibit the exercise of such inherent power of the trial court." *Id.* We find no error in the judge's determination that this case did not warrant a special verdict form.

 Finally, the defendant argues that the court applied the wrong standard of review when it considered his motion to reduce damages and for remittitur. The proper standard for reviewing the jury verdict in this case is whether the verdict is unfair. *Reid v. Spadone Machine Co.*, 119 N.H. 457, 466, 404 A.2d 1094, 1100 (1979) (remittitur). The judge stated in his order that the evidence was sufficient to substantiate the jury's verdict and that the amount was not clearly excessive, thereby demonstrating that he did not find the verdict unreasonable. We find no error in the standard applied in the judge's consideration of the defendant's motion to reduce damages and for remittitur.

*Affirmed.*

All concurred.