Rockingham
No. 97-577

### DAVID M. GOSS, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF KIMBERLY S. GOSS

v.

### STATE OF NEW HAMPSHIRE

July 24, 1998

*Douglas, Robinson, Leonard & Garvey, P.C.*, of Concord (*Charles G. Douglas, III* and *Susanna G. Robinson* on the brief, and *Ms. Robinson* orally), for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Stephen J. Judge*, associate attorney general, on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, David M. Goss, filed an action alleging negligence and loss of consortium against the defendant, the State of New Hampshire, seeking damages for the rape and murder of his wife, Kimberly S. Goss, by Daniel Vandebogart. The defendant brings this interlocutory appeal from the Superior Court's (*McHugh*, J.) orders denying the defendant's motions for summary judgment. *See* SUP. CT. R. 8. We reverse.

On June 28, 1989, the Manchester Police Department arrested Daniel Vandebogart for simple assault and criminal threatening. On the same day, Vandebogart was released on a $200 personal recognizance bond, which the bail commissioner set without knowledge that Vandebogart was a State of Montana parolee who had been transferred to New Hampshire, or that he had two prior sexual

assault convictions in other jurisdictions. *See State v. Vandebogart*, 139 N.H. 145, 150, 652 A.2d 671, 674 (1994) (detailing Vandebogart's prior sexual assaults).

Vandebogart's New Hampshire parole officer, Brian Jones of the New Hampshire Department of Corrections, first learned of Vandebogart's arrest when reviewing the docket of the Manchester District Court on July 7, 1989, the day set for Vandebogart's formal arraignment. After requesting police reports from the Manchester police and discussing with Vandebogart the circumstances of his arrest, Officer Jones increased Vandebogart's supervision level and informed the authorities in Montana of his arrest. Officer Jones also contacted the city prosecutor, who prepared a motion to revoke Vandebogart's bail but eventually withdrew it as part of an agreement with Vandebogart's attorney. On July 18, 1989, following discussions with his supervisors, Officer Jones recommended to the Montana authorities that they issue a warrant for Vandebogart's arrest upon his conviction in district court. Although Officer Jones did not contact the New Hampshire Adult Parole Board (parole board) regarding Vandebogart's arrest, the booking officer stated in an affidavit that he telephoned the parole and probation office and informed them of the arrest on June 28, the day that Vandebogart was taken into custody.

On September 12, 1989, Kimberly S. Goss was brutally raped and murdered outside her home in Londonderry. Vandebogart was convicted for this crime and is currently serving a life sentence without the possibility of parole. *See Vandebogart*, 139 N.H. at 148, 168, 652 A.2d at 673, 685. The plaintiff filed a negligence action against the State, alleging that Officer Jones' failure to report Vandebogart's June 28 arrest to the parole board caused his wife's death. The defendant filed a motion for summary judgment claiming discretionary function immunity, the absence of a common law or statutory duty to report Vandebogart's arrest to the parole board, and a lack of proximate cause. After the superior court denied the motion, the defendant filed a motion to reconsider which the court also denied. The defendant appeals.

"When reviewing the denial of a motion for summary judgment, we consider the pleadings and any accompanying affidavits, and all proper inferences drawn from them, in the light most favorable to the nonmoving party." *Mahan v. N.H. Dep't of Admin. Services*, 141 N.H. 747, 748, 693 A.2d 79, 81 (1997). "[S]ummary judgment may be granted only where no genuine issue of material fact is present, and the moving party is entitled to judgment as a matter of law." *Goss*

*v. City of Manchester*, 140 N.H. 449, 450-51, 669 A.2d 785, 786 (1995) (quotation omitted).

The State contends that it is entitled to summary judgment because it did not proximately cause the death of Kimberly S. Goss. "The concept of proximate cause includes both the cause-in-fact and the legal cause of injury." *Bronson v. The Hitchcock Clinic*, 140 N.H. 798, 801, 677 A.2d 665, 668 (1996). A defendant's conduct is a legal cause of harm if he could have reasonably foreseen that his conduct would result in an injury, or if his conduct was unreasonable in light of what he could anticipate. *Goodwin v. James*, 134 N.H. 579, 583, 595 A.2d 504, 507 (1991); *see LeFavor v. Ford*, 135 N.H. 311, 315, 604 A.2d 570, 573 (1992) (noting that resulting injury must be foreseeable consequence of defendant's conduct).

The plaintiff contends that if Officer Jones had reported Vandebogart's arrest to the parole board, rather than to the Montana authorities, the parole board would have ensured that Vandebogart remained incarcerated. Even if we assume, without deciding, that this claim satisfies the cause-in-fact prong of proximate cause, the plaintiff provides no compelling argument that Officer Jones' failure to contact the parole board legally caused the harm that occurred.

Officer Jones could not have foreseen that failing to contact the New Hampshire parole board, and contacting only Montana parole authorities, would result in a brutal rape and murder. *See Goodwin*, 134 N.H. at 583, 595 A.2d at 507. Moreover, contacting only the Montana authorities was not unreasonable because his conduct complied with the New Hampshire Department of Corrections' procedures, and because Montana retained ultimate authority to revoke Vandebogart's parole. *See* RSA 504-A:3 (1997); *see also* RSA 651-A:25, II (1996) (receiving State assumes limited duties of visitation and supervision over out-of-state parolees). *But see* RSA 651-A:25, III-a (1996) (effective 1993) (receiving State may hold final revocation hearings). We therefore conclude that, as a matter of law, legal causation cannot be established in this case. The nexus between the State's omission and the plaintiff's harm is "simply too attenuated to impose legal liability on the part of the defendant." *McLaughlin v. Sullivan*, 123 N.H. 335, 342, 461 A.2d 123, 127 (1983).

Consequently, no reasonable jury could find that proximate cause exists, and we therefore reverse the trial court's denial of summary judgment. Because we reverse on this issue, we need not reach the

State's remaining arguments. *See Appeal of City of Portsmouth, Bd. of Fire Comm'rs*, 137 N.H. 552, 558, 630 A.2d 769, 772 (1993).

*Reversed.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.